PHILIP A. GUIBORD, Respondent, *v.* JEAN GUIBORD, Also Known as JEAN PARKER, et al., Appellants.

First Department, June 26, 1956.

*Vivian Flamhaft* for appellants.

*Benjamin D. Fernbach* for respondent.

FRANK, J. This is an action for a declaratory judgment. The remedy, being essentially discretionary, the authority of each

case must necessarily depend upon the facts therein presented (*Engel* v. *Engel*, 275 App. Div. 14, 17).

The defendants appeal from an order denying their motion to dismiss the complaint (Rules Civ. Prac., rule 106, subd. 4; rule 107, subd. 4). The plaintiff and the defendant Jean Guibord were married and resided in this jurisdiction until January 8, 1951. In July of that year the wife proceeded to Reno, Nevada, and while there, was, on July 9, 1951, personally served (pursuant to Civ. Prac. Act, § 235) in an action brought by this plaintiff in this court seeking a separation. She did not answer or appear but instead, on August 7, 1951, caused a summons and complaint in an action for divorce instituted in Nevada to be served upon the plaintiff in this State. The plaintiff did not appear in that action and on September 7, 1951 a decree of divorce was granted to his wife by the Nevada court.

In every action for a separation, the primary fact to be proved is an existing marriage between the parties (*Fischer* v. *Fischer*, 254 N. Y. 463, citing *Jones* v. *Jones*, 108 N. Y. 415). Where a foreign divorce is obtained upon the establishment of a domicile, we give the decree full faith and credit with respect to the marriage *res* (*Vanderbilt* v. *Vanderbilt*, 1 A D 2d 3, affd. 1 N Y 2d 342). With the foregoing in mind, it should be noted that at the time the plaintiff's separation action was tried as an uncontested hearing on December 17, 1951, the Nevada decree had already been granted. The plaintiff, when he testified, made no disclosure of that fact to the Official Referee. He was granted a decree of separation on January 28, 1952.

There is no issue of the marriage. The plaintiff is not required by any outstanding order or decree of any court to support the defendant Guibord. Moreover, no present property rights are in question. It is alleged that the defendant Guibord is living with the codefendant, using the surname of the latter, and there is an infant, the issue of that relationship.

What the plaintiff seeks in this action is to brand the infant as illegitimate and to protect a possible right of election which might arise at some time in the future under section 18 of the Decedent Estate Law, should the defendant Guibord, while domiciled in this State, predecease him. The papers in support of this application to dismiss the complaint assert, although denied by the plaintiff, that on prior occasions he offered to abandon the issues concerning their marital status, upon the payment to him by this defendant or her wealthy father of a substantial sum of money, but these negotiations were discontinued because of disagreement as to the amount to be paid.

There is no absolute right to a declaratory judgment such as exists in other forms of actions seeking to establish existing legal rights. The Civil Practice Act (§ 473) gives the Supreme Court the power to render a declaratory judgment but does not make it mandatory. It has been stated that "Courts of equity have long been decreeing declaratory judgments" (1 Anderson on Declaratory Judgments [2d ed.] p. 5). The concept underlying the granting of judgments declaring rights involves and includes equitable principles. The relief granted is frequently equitable in nature. The declaration may be refused where by laches, default or inequity the plaintiff has weakened his claim to relief or where it would result in possible injustice to third persons. It will be refused where it would be futile or useless, for example, where one against whom it is made is privileged to escape its effects by some action within his own discretion (Borchard on Declaratory Judgments [2d ed.], pp. 304–305). The declaratory judgment procedure is intended to deal with actual problems and not with remote possibilities which may never eventuate. In *Willing* v. *Chicago Auditorium* (277 U. S. 274, 290) it was held that "Resort to equity to remove such doubts * * *" by means of a declaratory judgment was unauthorized. The court stated "No defendant has wronged the plaintiff or has threatened to do so." That the theory is translated into statute becomes evident when, in conjunction with section 473, rule 212 of the Rules of Civil Practice is read. It provides: "Jurisdiction discretionary. If, in the opinion of the court, the parties should be left to relief by existing forms of actions, *or for other reasons,* it may decline to pronounce a declaratory judgment" (emphasis supplied).

Where there is no necessity for resorting to the declaratory judgment it should not be employed (*James* v. *Alderton Dock Yards,* 256 N. Y. 298, 305; *Garvin* v. *Garvin,* 306 N. Y. 118, 122; *Strobe* v. *Netherland Co.,* 245 App. Div. 573, 579, 580; *Leitman* v. *Leitman,* 284 App. Div. 959). In *Hollister* v. *Hollister* (288 N. Y. 528), the Court of Appeals while affirming the relief granted separating the parties and providing for custody, support and maintenance, modified the judgment of this court and sustained Special Term in its refusal to declare a Nevada decree as void. In *Somberg* v. *Somberg* (263 N. Y. 1), the Court of Appeals denied the plaintiff husband the right to a declaratory judgment where, as here, the defendant was living with another man and had a child by him. The court stated that a declaratory judgment action may be resorted to only when circumstances render it "useful and necessary".

The plaintiff here utterly fails to demonstrate the usefulness or necessity for a declaratory judgment. Quite the contrary appears. No claim or demand is being asserted against him. One can conclude that the primary purpose for this action by the plaintiff is to use the equitable powers of this court for an indefinite, uncertain and future contingency which may never arise. That is not the purpose of a declaratory judgment proceeding (1 C. J. S., actions, § 18, subd. d, par. [9], p. 1030, and cases cited at note 93). The discretionary powers of this court should not be invoked for the purposes sought here.

The defendants additionally urge certain specific propositions of law in support of the application to dismiss. There is no need to determine the questions posed, for we do not reach them.

The order of Special Term should be reversed and the motion to dismiss the complaint granted.

Peck, P. J., Breitel, Valente and Bergan, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants, and the motion granted, and judgment is directed to be entered in favor of the defendants dismissing the complaint herein, with costs.