■ In the Matter of JOSEPH KOPPELMAN, Respondent, v NATHAN LEVENTHAL, as Commissioner of the Department of Rent and Housing Maintenance, Appellant.—In an application by the petitioner landlord to punish the respondent Commissioner of the Department of Rent and Housing Maintenance for contempt of court in failing to comply with a judgment of the Supreme Court, Kings County, dated September 18, 1973, in a proceeding pursuant to CPLR article 78, the commissioner appeals from an order of the Supreme Court, Kings County, dated September 17, 1974, which granted the application to the extent of modifying the commissioner's order, issued March 12, 1974, which had granted rent increases to petitioner, effective September 1, 1973, pursuant to the maximum base rent (MBR) provisions of the New York City Rent and Rehabilitation Law, by directing that the said increases be effective as of January 1, 1972. Order reversed, on the law, without costs, and application denied. In order to secure rent increases under the MBR program, which increases would become effective as of January 1, 1972, the New York City Rent and Rehabilitation Law (§ Y51-5.0, subd h, par [6]) provided that the landlord had to certify to the commissioner, at least (i.e., no later than) six months prior to the effective date of the increase, that all rent impairing violations and at least 80% of all other housing code violations had been "cleared, corrected or abated". The record indicates that, on June 20, 1971, petitioner did so certify to the commissioner. The commissioner thereafter determined that petitioner had falsely certified to the removal of the violations, in that several nonrent impairing violations still remained. In an alternative attempt to secure the rent increases as of January 1, 1972, petitioner entered into a written agreement with the commissioner, pursuant to the New York City Rent and Rehabilitation Law (§ Y51-5.0, subd h, par [6]) whereby he agreed to remove the violations by March 31, 1972. The commissioner ultimately determined, by order issued on March 12, 1974, based upon substantial evidence, that petitioner had not removed the violations by March 31, 1972 and had therefore defaulted on his agreement. Accordingly, the commissioner properly denied petitioner rent increases effective as of January 1, 1972. The commissioner further determined in his order of March 12, 1974, based upon substantial evidence, that the violations had all been removed by February 7, 1973. On that basis he granted petitioner rent increases under the MBR program effective as of September 1, 1973, some six months after the removal of the violations. The commissioner's determination, which imposed a six-month interval between the removal of the violations and the effective date of the rent increases, was a rational interpretation of the statute and should not have been disturbed by Special Term (see *Matter of Mounting & Finishing Co. v McGoldrick,* 294 NY 104). Martuscello, Latham and Munder, JJ., concur; Rabin, Acting P. J. and Margett, J., dissent and vote to affirm upon the opinion of the late Mr. Justice McGroarty.