■ ALAN FLANS et al., Respondents, v FEDERAL INSURANCE COMPANY, Appellant.—In an action for a judgment declaring the rights of the parties with respect to a certain policy of insurance, defendant appeals from an order of the Supreme Court, Dutchess County, dated October 6, 1975, which, upon granting plaintiffs' motion to reargue a prior order of the same court, dated July 28, 1975, which granted defendant's motion to dismiss the complaint, denied the motion to dismiss. Order affirmed, with $50 costs and disbursements. Defendant's time to serve its answer is extended until 20 days after entry of the order to be made hereon. Special Term properly denied defendant's motion, which sought to dismiss the complaint on the ground that plaintiffs could have obtained relief by another remedy (see *Woollard v Schaffer Stores Co.,* 272 NY 304). The policy requirement that an action be commenced within 12 months after inception of the loss has been sufficiently complied with. Plaintiffs commenced their first action at law one month after the loss; a second action, for a declaratory judgment, was commenced 11 months after the loss. Neither of those actions were disposed of on the merits, although both of them were dismissed. We deem the present action for a declaratory judgment to be maintainable since an action for identical relief was commenced within the period required by the policy, although this is not, technically speaking, the same action. Gulotta, P. J., Margett and Rabin, JJ., concur; Martuscello, J., dissents and votes to modify the order by deleting the second and third decretal paragraphs thereof which, *inter alia,* denied defendant's motion to dismiss the complaint, and by substituting therefor a provision that, upon reargument, the original determination is adhered to, with the following memorandum, in which Latham, J., concurs: Defendant issued a homeowners policy to plaintiffs covering their residence. The policy contains the following provision: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this

policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." Claiming that a "failure of" a masonry wall at their residence had occurred on August 28, 1971, causing damage to their property in the amount of $8,800, plaintiffs, on September 30, 1971, commenced an action at law upon the policy to recover such amount. On July 21, 1972, with that action still pending, plaintiffs instituted a second action against defendant for a declaratory judgment. The complaint therein, for all practical purposes, was identical to the one in the first action in that it sought a judgment declaring that the occurrence of August 28, 1971 was covered by the homeowners policy and that plaintiffs were entitled to recover for the damages sustained. Special Term, by order dated October 19, 1972, granted defendant's motion for summary judgment dismissing the second action on the ground "that there is another action pending between the same parties herein and for the same cause of action alleged herein and that the issues sought to be raised in the within declaratory judgment action will be determined in the said other action". Thereafter, plaintiffs moved for summary judgment in the first action. That motion was denied by Special Term on the ground that there were issues of fact which required a full trial. Subsequently, plaintiffs placed the action at law upon the Trial Calendar of the Supreme Court, Dutchess County. Thereupon defendant moved to strike the case from the calendar on the ground that plaintiffs had not appeared for an examination before trial which it had demanded. By order dated December 18, 1973 Special Term denied the motion, with leave, however, to defendant to conduct such examination not less than 10 days prior to the trial of the action. On February 21, 1975 the case was reached for trial and, at a pretrial conference held on that day before Mr. Justice Rubenfeld, and attended by the attorneys for the parties, the following colloquy occurred: "THE COURT: This case has been called in today for disposition or trial. It appearing that there is an Order of the Court granting the defendant an examination before trial of the plaintiffs ten days prior to trial, in view of the fact that the plaintiffs are presently residing in Israel, it is ordered that this case be marked peremptorily for trial on March 24, 1975; that the defendants [sic] stipulated and do hereby stipulate that the examination is to be held on or before March 17th, 1975. In the event either of the parties are not prepared to go to trial on March 24th, 1975, or if the examination is not held by March 17th, 1975, the action will be dismissed. So stipulated, Gentlemen? MR. BOUCK [defendant's attorney]: Yes, sir. MR. FEATHERSTONE [plaintiffs' attorney]: Yes. Thank you, sir." On March 12, 1975 plaintiffs' counsel wrote defendant's counsel that the plaintiffs "will not be able to make the examinations before trial. I therefore respectfully request your indulgence to be released from said stipulation." Defendant's counsel, by letter dated the following day, turned down the request, stating that all parties were bound by the stipulation. Neither plaintiffs nor their attorney appeared for the examination on March 17, 1975, nor did they appear on the stipulated trial date of March 24, 1975. Further, they failed to move to be relieved of the stipulation, relief which was within the court's discretion to grant or deny upon application and cause shown (see Barry v Mutual Life Ins. Co. of N. Y., 53 NY 536). By order dated April 2, 1975, Trial Term, based upon an affidavit of defendant's counsel setting forth the failures to appear, dismissed the action at law. Plaintiffs made no motion to open their default or to vacate the dismissal. Instead they chose to institute, on or about April 28, 1975, this action for a declaratory judgment. The complaint herein, in essence, is identical to the complaints in the prior declaratory judgment

action and in the action at law upon the policy, both of which actions had been dismissed. In lieu of an answer, defendant moved to dismiss upon the ground that the action herein had not been commenced within the 12-month period provided for in the policy and because of the dismissals of the two previous actions. Plaintiffs' answering papers asserted that the dismissal of the action at law was not on the merits and that, since now there is no other action pending, an action for a declaratory judgment is appropriate. They also contended that the period of limitation contained in the policy is satisfied if *any* action had been instituted on the policy within the 12 months after the loss occurred, since the purpose of such provision "is to give the insurer early notice of any possible action against the company." By order dated July 28, 1975 Special Term granted the motion to dismiss. In its decision, the court noted that the dismissal had been on the merits. The court further stated, "assuming *arguendo* that it was not [on the merits], it is clear that the 12-month limitation provision of the policy in question governs this action and the case at bar was not instituted within 12 months * * * and is barred." By the order appealed from, dated October 6, 1975, Special Term granted plaintiffs' motion for reargument and, upon reargument, denied defendant's motion to dismiss. Special Term based its decision on the fact that the order submitted to Trial Term by defendant in connection with the dismissal of the action at law had contained the words "on the merits", and that those words were deleted by the court. Further, Special Term stated that the institution of an action within 12 months satisfied the policy provision. In my opinion, Special Term erred in denying defendant's motion to dismiss the complaint herein.

## I.

An action for a declaratory judgment is governed by equitable principles *(Guibord v Guibord,* 2 AD2d 34). The declaration may be refused where, by laches, default or inequity, plaintiffs have weakened their claim (Borchard, Declaratory Judgments [2d ed], pp 304-305). The grant of a declaratory judgment, as noted by Judge Crane in *James v Alderton Dock Yards* (256 NY 298, 305), while discretionary with the court, is nevertheless dependent upon facts and circumstances rendering it useful and necessary. The discretion must be exercised judiciously and with care. It is usually unnecessary where a full and adequate remedy is already provided by another well-known form of action. The general purpose of the declaratory judgment action is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation, either as to present or prospective obligations. No limitation has been placed, or attempted to be placed, upon its use, and the afore-mentioned general purpose underlies the court's exercise of discretion. Where there is no necessity for resorting to the declaratory judgment, it should not be employed. Plaintiffs did have another adequate remedy available to them in the form of an action at law upon the policy. As stated by Special Term when it dismissed the first action for a declaratory judgment, the issues sought to be raised in that action would be determined upon the trial of the action at law. Moreover, plaintiffs pursued their action at law and, because of their failure to appear for an examination before trial and their failure to proceed to trial pursuant to the direction of the court and the stipulation of their counsel, that action was dismissed. As indicated above, a declaratory judgment action should not be employed unless it is useful and necessary. It is quite obvious here that it was unnecessary since the issues sought to be raised thereby would have been disposed of upon the trial of the action at law, if plaintiffs had not defaulted. It would therefore appear that the instant action was instituted not because

of necessity or usefulness, but to escape the effect of the dismissal of the action at law resulting from their defaults in appearing for the examination and trial. It is playing with the court's processes to permit plaintiffs to ignore their clear promises to the court that by March 17, 1975 the deposition would be held; that by March 24, 1975 the trial would commence; and that if the examination were not held or if the parties were not prepared to go to trial on the date stipulated, the action would be dismissed. Plaintiffs should be held to their promises. If there were indeed excusable reasons for plaintiffs' failure to appear for the examination or trial, the time and place for counsel to have asserted them was at the Trial Term on March 24, 1975, the adjourned date of the trial. That would have been the proper forum for plaintiffs' counsel to explain why the plaintiffs were unavailable and he could have sought relief from, or modification of, the stipulation.

## II.

The insurance policy, as required by section 168 of the Insurance Law, states that "No suit or action on this policy for the recovery of any claim shall be sustainable * * * unless commenced within twelve months next after inception of the loss." Clearly, the reference is to a present action, and not to a previous one. As stated in *Riddlesbarger v Hartford Ins. Co.* (74 US 386, 391), the policy "makes no provision for any exception in the event of the failure of an action commenced, and the court cannot insert one without changing the contract" (see, also, Ann., 23 ALR 97, 99–103; Ann., 149 ALR 483, 486–488; cf. *Buchholz v United States Fire Ins. Co.,* 269 App Div 49, app dsmd 294 NY 807, where the original action was dismissed because of a defect in the appraisal procedure and the court permitted institution of the *same* action pursuant to the savings clause of Civ Prac Act, § 23). CPLR 205 (the successor to Civ Prac Act, § 23) is of no aid to plaintiffs. That statute permits commencement of "a new action upon *the same cause of action* within six months after the termination" (CPLR 205, subd [a]; emphasis supplied), but excepts those cases where there was a voluntary discontinuance or a dismissal for neglect to prosecute. Plaintiffs do not come within CPLR 205 for two reasons. First, the previous declaratory judgment action (i.e., "the same cause of action") had been dismissed in October, 1972, *two and one-half years* earlier. Second, the circumstances of the dismissal of the action at law (assuming, *arguendo,* that that is the relevant time from which the six-month period is to be measured) constitute both a voluntary discontinuance and a neglect to prosecute. By stipulating that if plaintiffs did not appear on the scheduled dates for the deposition and trial the action would be dismissed, counsel agreed to a termination "by a voluntary discontinuance". Upon failure of such conditions, and with no attempt being made to excuse such failure, the action was voluntarily dismissed pursuant to the format charted by plaintiffs' counsel himself (see *Riddlesbarger v Hartford Ins. Co., supra,* p 391). Under the circumstances, plaintiffs' actions also constituted a "neglect to prosecute" since their failure to appear for the deposition and trial was far more than a routine failure to answer a calendar call (cf. *Schneck v S. T. Grand, Inc.,* 11 Misc 2d 923). It was a deliberate and unabashed refusal to prosecute the action (see *Haber v Telson,* 4 AD2d 677; *Jelinek v City of New York,* 25 AD2d 425).