■   In the Matter of 2200 MERRICK RD. REALTY Co. et al., Appellants, v ARMAND GRANITO et al., Constituting the Zoning Board of Appeals of the Town of Hempstead, Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Zoning Board of Appeals of the Town of Hempstead, dated March 2, 1976, which, after a hearing, denied petitioners' applications for two variances, petitioners appeal from a judgment of the Supreme Court, Nassau County, entered September 13, 1976, which dismissed the petition. Judgment affirmed, with costs. There is substantial evidence in the record to support the determination of the zoning board of appeals. Shapiro, Acting P. J., Titone, Hawkins and O'Connor, JJ., concur.

■   In the Matter of WISH REALTY CORPORATION, Respondent, v ROGER STARR, as Commissioner of the Department of Rent and Housing Maintenance of the City of New York, Appellant.—In a proceeding pursuant to CPLR article 78 to compel the Commissioner of the Department of Rent and Housing Maintenance to render a decision upon a protest filed by petitioner and to direct "the restoration of the Order of Eligibility for the Maximum Base Rent and Maximum Collectible Rents for 1974 and 1975" for certain premises, the commissioner appeals from a judgment of the Supreme Court, Kings County, dated April 30, 1976, which (1) annulled the revocation of the "original Maximum Base Rent order for 1974 and 1975" and (2) remanded the matter to the commissioner for "hearings to determine * * * by direct evidence the existence of any major violations". Judgment reversed, on the law, with $50 costs and disbursements, order of the commissioner pertaining to the maximum base rent for 1974 and 1975 reinstated, and proceeding dismissed on the merits. The commissioner determined, on March 8, 1976, that petitioner did not remove the outstanding violations which were on the record as of January 1, 1973 until May 12, 1975. Accordingly, petitioner was not entitled to a maximum base rent increase for 1974, but was entitled to an increase as of December 1, 1975, which the commissioner granted (see *Matter of Koppelman v Leventhal,* 50 AD2d 563). The commissioner was not required to hold formal hearings on the matter; he could properly consider only the papers submitted by petitioner (see *Matter of Colton v Berman,* 21 NY2d 322). Although the record indicates a failure on the part of the Department of Rent and Housing Maintenance to make timely inspections, the inspections which were made indicate that the violations certified by the petitioner as having been removed were still in existence after the date of such certification. The commissioner's brief on this appeal contains certain information and papers which are not part of the record on appeal. Those materials were not considered in the determination of the appeal (see *People v Mann,* 42 AD2d 587). Hopkins, Acting P. J., Cohalan, Damiani and Hawkins, JJ., concur.