■ DONNA M. IVORY, Respondent, v ALFRED EKSTROM, Appellant. — In a medical malpractice action, defendant appeals from an order of the Supreme Court, Suffolk County (Orgera, J.), entered April 5, 1982, which denied his motion to dismiss the complaint on the ground that the action was barred by the Statute of Limitations. Order reversed, on the law, with costs, motion granted and complaint dismissed. On or about May 7, 1976, plaintiff commenced a medical malpractice action against defendant in the Supreme Court, New York County. The action was based upon defendant's treatment of plaintiff from 1969 to August, 1973. In September, 1976, defendant served his answer, as well as a demand for a bill of particulars. Subsequently, by order of the Supreme Court, New York County, dated October 11, 1977, plaintiff was directed to submit to a physical examination, including related medical tests. Although plaintiff submitted herself for a physical examination by defendant's physician on March 23, 1978, said physician was unable to do a necessary blood test. Thereafter, defendant made repeated requests that plaintiff contact him to arrange for the taking of the blood test, but plaintiff failed to do so. As a result thereof, defendant, by notice of motion dated March 25, 1981, and returnable April 9, 1981, moved pursuant to CPLR 3126 for an order dismissing the action on the ground that plaintiff had failed to fully comply with the outstanding order of October 11, 1977. Prior to the return date of the motion (which date had been adjourned to May 14, 1981 at the request of plaintiff's counsel), plaintiff, for the first time, requested that defendant designate a laboratory for the taking of the blood test. On or about April 8, 1981, defendant's counsel informed plaintiff's counsel of the laboratory at which the blood test was to be taken, and that upon receipt of the date when the test would be taken, defendant would arrange for the payment of the test. Plaintiff, for various reasons, did not submit herself for the blood test. Moreover, plaintiff, by notice of motion dated April 24, 1981, and returnable May 11, 1981, moved to strike defendant's answer for his failure to submit certain material for discovery and inspection, pursuant to a notice dated March 26, 1981, returnable April 14, 1981. By order dated May 11, 1981, the Supreme Court, New York County, granted plaintiff's motion in certain respects, and, *inter alia,* directed defendant to permit plaintiff to inspect certain medical records. Thereafter, by order dated May 14, 1981, the Supreme Court, New York County, granted defendant's motion, which sought dismissal of the complaint, upon plaintiff's default. The May 14, 1981 order was filed on May 26, 1981, and served upon plaintiff, with notice of entry, on or about June 10, 1981. Plaintiff never made an application to vacate her default, even though she now claims that the default came about as a result of a misunderstanding. Instead, on November 13, 1981, plaintiff commenced the instant second medical malpractice action in Suffolk County, based upon the same facts as the New York County action. Thereafter, defendant moved to dismiss the complaint on the ground that this action was barred by the Statute of Limitations. The Supreme Court, Suffolk County, denied the motion, stating, *inter alia,* that termination of the New York County action did not constitute a voluntary discontinuance or result from a neglect to prosecute that action. The court therefore held, in effect, that CPLR 205 (subd [a]) rendered claim interposition in the Suffolk County action timely. We disagree and hold that defendant's

motion seeking dismissal of the complaint should have been granted. CPLR 205 (subd [a]) provides, in pertinent part, as follows: "If an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff * * * may commence a new action upon the same transaction or occurrence within six months after the termination provided that the new action would have been timely commenced at the time of the commencement of the prior action". In the case of *George v Mt. Sinai Hosp.* (47 NY2d 170, 178-180), the Court of Appeals set forth the purpose of CPLR 205 (subd [a]) as follows: "The very function of that subdivision is to provide a second opportunity to the claimant who has failed the first time around because of some error pertaining *neither to the claimant's willingness to prosecute in a timely fashion* nor to the merits of the underlying claim. The statute by its very nature is applicable in those instances in which the prior action was dismissed because of some fatal flaw * * * Indeed, the statute will normally 'involve situations in which a suit has been started but, due to an excusable mistake or a procedural defect or ineptitude of counsel or inability to obtain needed evidence, or some other cause that should not be fatal to the claim, the start has been a false one' (1 Weinstein-Korn-Miller, NY Civ Prac, par 205.03, at p 2-134) * * * [CPLR 205 (subd [a])] is intended to protect only those plaintiffs who have been nonsuited despite their continued opposition to that fate" (emphasis supplied; see, also, *Carrick v Central Gen. Hosp.,* 51 NY2d 242). In the instant case, plaintiff's original New York County action was not dismissed because of some fatal flaw or defect in the commencement thereof. Rather, the action was properly instituted and continued for a period of about five years until it was dismissed as a result of plaintiff's default in fully complying with court-ordered disclosure. Plaintiff's claims that she had valid reasons for not complying with the disclosure order and that her default was not intended by her and was entered due to a misunderstanding are irrelevant. If there were indeed excusable reasons for plaintiff's failure to submit herself for the blood test and for her default on defendant's dismissal motion, the time and place for her to have asserted them was in the New York County action. "That would have been the proper forum for [plaintiff] to explain why [she was] unavailable and [s]he could have sought relief from, or modification of, the [dismissal order]" (see *Flans v Federal Ins. Co.,* 56 AD2d 615, 618 [dissenting mem of Martuscello, J.], revd 43 NY2d 881). Instead, plaintiff chose not to challenge the dismissal of the New York County action and thereafter commenced an identical action in Suffolk County. In our opinion, plaintiff's conduct indicates a lack of willingness on her part to prosecute her original action in New York County. We are cognizant of case law which indicates that the dismissal of a complaint as a penalty for nondisclosure does not necessarily constitute a dismissal for neglect to prosecute the action within the meaning of CPLR 205 (subd [a]) (see, e.g., *Nems Enterprises v Seltaeb, Inc.,* 24 AD2d 739 [dictum]; *Micera v Ciccotta,* 40 Misc 2d 622; *Marco v Dulles,* 177 F Supp 533). Nevertheless, under the specific facts herein, i.e., "the protracted and repeated delays by [plaintiff], dismissal of the original, timely action was inferentially for 'neglect to prosecute' within the meaning of CPLR 205 (subd [a])" (*Flans v Federal Ins. Co.,* 43 NY2d 881, 882, *supra; Keel v Parke, Davis & Co.,* 72 AD2d 546, affd 50 NY2d 833). Since the statutory six-month extension is not available, plaintiff's instant action is barred by the applicable Statute of Limitations. Accordingly, defendant's motion, which sought dismissal of the complaint upon that ground, should have been granted. Damiani, J. P., O'Connor, Rubin and Boyers, JJ., concur.