■ CARVEN ASSOCIATES, Also Known as CARVAN ASSOCIATES, et al., Respondents, v AMERICAN HOME ASSURANCE CORP., Appellant. (And a Third-Party Action.)—Order, Supreme Court, New York County (Myriam Altman, J.), entered on or about May 25, 1990, which denied defendant American Home's motion to dismiss the action as time barred, unanimously affirmed, without costs.

At issue on this appeal is whether the dismissal of a previous action, based upon the same events as the present action, constitutes a dismissal for failure to prosecute within the meaning of CPLR 205 (a). The prior action, for property damage arising out of the collapse of a crane, was dismissed on the ground that plaintiff had failed to properly answer interrogatories, or to comply with other discovery requests. In granting dismissal, the court struck out proposed language which would have made the dismissal "with prejudice." Subsequently, plaintiff commenced this action, based on the same accident, in New York County. On defendant's motion to dismiss the action as time barred, the court held that the prior dismissal did not constitute a "neglect to prosecute"

within the meaning of CPLR 205 (a), and that plaintiff's time to commence the present action was in effect extended in accordance with the statute.

Assuming that a dismissal for failure to comply with court ordered discovery may constitute a neglect to prosecute within the meaning of CPLR 205 (a) *(Ivory v Ekstrom,* 98 AD2d 763), the dismissal in the instant case should not be so construed. The Trial Justice struck out the words "with prejudice", and, it should be noted, that the plaintiff complied substantially with the discovery orders in the earlier action. Under these circumstances, the dismissal of the prior action should not be construed as a neglect to prosecute. Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Smith, JJ.