■ JOHN KELLY, Appellant, v HAL S. ROSENTHAL et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated January 10, 1990, which, inter alia, denied his motion for leave to enter a default judgment against the defendants, upon their default in answering, and dismissed the action as time barred under the Statute of Limitations.

Ordered that the order is affirmed, with costs to the respondent Elmont Youth Outreach, Inc.

Upon the dismissal of a prior action and after the expiration of the applicable Statute of Limitations period, the plaintiff commenced the instant action pursuant to CPLR 205 (a) based upon the same transactions. The Supreme Court dismissed this second action, agreeing with the contention of the defendant Elmont Youth Outreach, Inc., that the action was time barred. On appeal, the plaintiff argued that he was entitled to the six-month extension of the Statute of Limita-

tions, available under CPLR 205 (a), but conceded upon oral argument that if CPLR 205 (a) is inapplicable, his second action was properly dismissed.

CPLR 205 (a) provides that when a timely commenced action is terminated for reasons other than by voluntary discontinuance, neglect to prosecute, or by a final judgment on the merits, the plaintiff may bring a new action within six months after the termination *(see, Fleming v Long Is. R. R., 72 NY2d 998, 999; George v Mt. Sinai Hosp., 47 NY2d 170, 177, 178; Villanova v King Kullen Supermarkets, 163 AD2d 203; Scharlack v Richmond Mem. Hosp., 144 AD2d 354).* Here, the plaintiff's first action was dismissed after the Supreme Court determined that he had inexcusably delayed in complying with a prior order directing him to more definitely plead the claims set forth in his original complaint *(see, CPLR 3024 [c]).* Under these circumstances, the dismissal of the prior action was for "neglect to prosecute" within the meaning of CPLR 205 (a) *(see, Scharlack v Richmond Mem. Hosp., supra; cf., Schuman v Hertz Corp., 17 NY2d 604, 605).* Since the six-month extension is not available to the plaintiff, the instant action was properly dismissed as barred by the applicable Statute of Limitations. Kooper, J. P., Lawrence, Eiber and O'Brien, JJ., concur.