■ Lenore Ginsberg et al., Appellants, v City of Long Beach, Respondent. [596 NYS2d 707] —In a negligence action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Morrison, J.), dated October 1, 1990, which granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the Statute of Limitations.

Ordered that the order is affirmed, with costs.

The plaintiffs' first action was dismissed after the Supreme Court determined that they had inexcusably delayed in complying with a prior order directing them to file a note of issue. Under these circumstances, the dismissal of the prior action was for "neglect to prosecute" within the meaning of CPLR 205 (a) (see, Kelly v Rosenthal, 176 AD2d 283; Scharlack v Richmond Mem. Hosp., 144 AD2d 354). Since the six-month period to commence a new action pursuant to CPLR 205 (a) is not available to the plaintiffs, the instant action was properly dismissed as barred by the applicable Statute of Limitations.

Parenthetically, we note that the record on appeal contains certain information and papers which are not properly part of the record. Those materials were not considered in the determination of the appeal (see, Matter of Wish Realty Corp. v Starr, 56 AD2d 656). Bracken, J. P., Eiber, Ritter and Pizzuto, JJ., concur.