■ CARVEN ASSOCIATES, Also Known as CARVAN ASSOCIATES, et al., Appellants, v AMERICAN HOME ASSURANCE CORPORATION, Respondent and Third-Party Plaintiff-Respondent. DELRO INDUSTRIES, INC., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [605 NYS2d 729] —Order, Supreme Court, New York County (Myriam J. Altman, J.), entered January 24, 1992, granting defendant's motion and third-party defendants' cross motions to dismiss plaintiffs' complaint, reversed, on the law, without costs, the complaint is reinstated, and the case is remanded for further proceedings.

It was error for the IAS Court to grant the motion to dismiss the complaint on the ground of neglect to prosecute, based upon newly discovered evidence. Evidence is defined as that which can be proffered at trial (Fisch, New York Evidence § 1). There is no way that the comments of the Second Department, in the form of dictum, can be viewed in that light. The holding of the Second Department *(Carven Assocs. v American Home Assur. Corp.* [No. 3], 175 AD2d 790) can only be read as affirmance of a dismissal without prejudice, and thus does not bar resort to CPLR 205 (a) for purposes of commencing a second action. The decision in *Maitland v Trojan Elec. & Mach. Co.* (65 NY2d 614) does not constitute authority to the contrary.

It was further error for the IAS Court to ignore the law of the case set forth in our prior decision affirming the denial of the motion to dismiss (173 AD2d 369), wherein we viewed the deletion of the words "with prejudice" from the order dismissing the earlier action in Orange County as indicating that such dismissal was not for neglect to prosecute. The IAS Court erred in reading that term of art into the Second Department's affirmance, despite the absence of a necessary condi-

tion precedent to dismissal on such ground (CPLR 3216 [b] [3]). Concur—Murphy, P. J., Wallach and Ross, JJ.

Kassal, J., dissents in a memorandum as follows. I dissent from the present memorandum decision.

## History

On September 8, 1984, a crane collapsed at a construction site owned by plaintiffs in New York County. On September 24, 1986, just shortly before the limitations period expired, plaintiffs commenced a property damage action in New York County against their insurance carrier, defendant American Home Assurance Corporation (hereinafter "American Home").[1] On November 4, 1987, after American Home had impleaded the third-party defendants, plaintiffs' action was consolidated with a personal injury action in the Supreme Court, Orange County which had previously been commenced by the operator of the crane.

On January 23, 1989, more than two years after the commencement of plaintiffs' action, American Home moved for an order pursuant to CPLR 3126, dismissing plaintiffs' complaint for failure to comply with discovery requests or, in the alternative, for an order compelling plaintiffs to respond to all outstanding discovery requests. Plaintiffs had failed to comply with three separate orders from retired Justice James D. Hopkins, who acted as Referee to supervise discovery. On August 16, 1989, Justice Irving A. Green orally dismissed the complaint and an order was entered October 2, 1989, in which proposed language dismissing the complaint "with prejudice and costs and disbursements to defendant American Home Assurance Corporation" was stricken. Plaintiffs appealed the dismissal to the Second Department.

On October 27, 1989, while their appeal to the Second Department remained *sub judice* and three years after the contractual limitations period expired, plaintiffs recommenced the instant action in Supreme Court, New York County seeking the same relief. American Home moved to dismiss the complaint on the ground that it was barred by the Statute of Limitations and that no extension of the limitations period could be obtained pursuant to CPLR 205 (a) since plaintiffs' previous Orange County action had been dismissed for "ne-

---

1. American Home agreed to extend the original contractual twelve month period of limitations to October 3, 1986.

glect to prosecute".[2] Similarly, the third-party defendants moved for summary judgment dismissing the third-party complaint. By order entered on or about May 25, 1990, Justice Myriam Altman denied American Home's motion to dismiss and on May 23, 1991, we affirmed (173 AD2d 369).

On August 5, 1991, the Second Department rendered its decision, affirming Justice Green's order dismissing plaintiffs' Orange County action *(Carven Assocs. v American Home Assur. Corp.* [No. 3], 175 AD2d 790). Immediately thereafter, defendant American Home moved for leave to renew its prior motion to dismiss the New York County action and, upon renewal, seeking an order striking plaintiffs' complaint on the ground that it was time-barred. The third-party defendants also moved for summary judgment dismissing the complaint and third-party complaint. In the order appealed from herein, Justice Altman granted renewal, and upon renewal, granted American Home's motion and the third-party defendants' motions and cross-motions dismissing the complaint and third-party complaint.

## Discussion

After this Court affirmed Justice Altman's denial of the motion to dismiss the recommenced New York County action, and based upon a record which more fully delineated the extent of plaintiffs' willful discovery defaults in the Orange County action, the Second Department affirmed dismissal of the Orange County complaint in a decision which is highly relevant to the critical issue of whether plaintiffs "neglected to prosecute" the Orange County action within the meaning of CPLR 205 (a). Justice Altman properly granted renewal of American Home's motion to dismiss the New York County action, and was not bound by this Court's previous order unanimously affirming denial of that motion, since newly available evidence, in the form of the memorandum decision of the Second Department, had been presented warranting the conclusion that the Orange County action was dismissed for

2. CPLR 205 (a) provides: *"New action by plaintiff.* If an action is timely commenced and is terminated in any *other manner than by * * * a dismissal of the complaint for neglect to prosecute the action * * ** the plaintiff * * * may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period." (Emphasis added.)

neglect to prosecute *(Levitt v County of Suffolk,* 166 AD2d 421, 422, *lv dismissed* 77 NY2d 834; *Sciss v Metal Polishers Union Local 8A,* 149 AD2d 318, 321; *Reeves v Manufacturers Hanover Trust Co.,* 117 AD2d 789, 790, *lv dismissed* 68 NY2d 803).[3]

The majority now contends that Justice Altman improperly injected the term "neglect to prosecute" into the Second Department's affirmance and that the decision "can only be read as affirmance of a dismissal without prejudice." Although the Second Department did not explicitly state that the action had been dismissed for "neglect to prosecute", dismissal was inferentially for "neglect to prosecute" within the meaning of CPLR 205 (a) based upon the critical language employed *(see, Flans v Federal Ins. Co.,* 43 NY2d 881; *Scharlack v Richmond Mem. Hosp.,* 144 AD2d 354; *Ivory v Ekstrom,* 98 AD2d 763, 764). The Second Department found that plaintiffs had "fail[ed] to comply with discovery demands and directives over a period of approximately two years" and that they had also failed to seek timely review of a conditional order of dismissal made by a Judicial Hearing Officer *(Carven Assocs. v American Home Assur. Corp.* [No. 3], 175 AD2d, *supra,* at 791). The Court went on to state in careful and precise language the basis for its decision: "In any event, the sanction imposed, although a *severe one,* cannot be said to have been an improvident exercise of the court's broad discretion *(see, Zletz v Wetanson,* 67 NY2d 711; *Homburger v Levitin,* 130 AD2d 715), as the record reveals that the plaintiffs engaged in conduct which was *deliberately evasive* with respect to the defendant's discovery rights and *marked by an inexactitude which operated to frustrate disclosure." (Supra,* at 791 [emphasis added].)

Although the majority herein now characterizes this language as "dictum", the Second Department's reference to the "severe" sanction of dismissal, particularly in the context of its conclusion that plaintiffs' "deliberately evasive" conduct "operated to frustrate disclosure" is, in Justice Altman's words, "tantamount to a finding of neglect to prosecute", and I agree.

Indeed, in this very action, we previously acknowledged, in explicit language, that "a dismissal for failure to comply with court ordered discovery may constitute a neglect to prosecute

---

3. American Home's brief to this Court, on appeal from Justice Altman's denial of its motion to dismiss, omitted twelve pages of argument and extensive reference to an Appendix containing factual matter which had been submitted to the Appellate Division, Second Department.

within the meaning of CPLR 205 (a)" (173 AD2d, *supra,* at 370, citing *Ivory v Ekstrom, supra).* Nevertheless, in our order affirming denial of the motion to dismiss plaintiffs' complaint, we erroneously concluded that "the plaintiff complied substantially with the discovery orders in the [Orange County] action." *(Supra,* at 370.) However, closer scrutiny demonstrates that this conclusion is not borne out by the record on appeal. To the contrary, the record demonstrates that for over a two year period, plaintiffs willfully and without excuse refused to comply with orders directing them to provide discovery, which ultimately compelled Justice Green to dismiss the complaint.

A careful examination of plaintiffs' flagrant disregard of several court-ordered discovery mandates is instructive as to the basis for the Second Department's decision. Specifically, on January 26, 1988, Justice James D. Hopkins, a distinguished retired Justice of the Appellate Division, Second Department, who was appointed to act as a Referee to supervise pre-trial discovery, denied plaintiffs' request for a protective order and directed that they furnish the documents requested by American Home's Notice for Discovery and Inspection, dated April 24, 1987 (the first order). On April 11, 1988 American Home served fifteen interrogatories upon plaintiffs' attorneys. Plaintiffs failed to produce most of the documents that had been ordered produced by the January 26, 1988 order and did not serve answers to the interrogatories. On October 25, 1988, Justice Hopkins conditionally granted American Home's motion to dismiss the complaint stating: "[T]he issues in the action may be complex and the potential evidence of unusual size, but it is obvious that over nine months ha[ve] passed since the service of the order and that over five months have elapsed since the service of the interrogatories. Surely, these are sufficient periods of time for the production of the material required. *There should be no further delay."* (Emphasis added.)

Justice Hopkins ordered plaintiffs to respond to the interrogatories and to comply with the prior order of January 26, 1988 within ten days, "in default of which the motion to dismiss is granted" (the second order). Nevertheless, plaintiffs failed to comply with this self-executing dismissal order.[4]

---

4. In addition to American Home, third-party defendant Firma Peiner made a motion to compel discovery. On October 6, 1988, Justice Hopkins issued an order directing plaintiffs to provide documents to Firma Peiner within ten days, in default of which Firma Peiner's motion to dismiss is granted (the third order).

Accordingly, one year later Justice Green dismissed plaintiffs' complaint finding that "there has not been compliance with the discovery demands and with the orders of Mr. Justice Hopkins." This clear record of deliberate and inexcusable failure to comply with three court-ordered discovery mandates clearly justified the dismissal for neglect to prosecute.

The majority makes much of the fact that Justice Green deleted the words "with prejudice" from the submitted dismissal order, arguing that this indicated that such dismissal was not for neglect to prosecute. However, as Justice Altman correctly found, by striking the phrase "with prejudice", the court was merely adhering to the holding of the Court of Appeals in *Maitland v Trojan Elec. & Mach. Co.* (65 NY2d 614) that a dismissal of an action for failure to disclose is not ordinarily on the merits. In other words, the language "with prejudice" is relevant only in the determination of whether dismissal is res judicata as to a subsequent action. However, the fact that the Orange County action was not dismissed "on the merits", and therefore, the instant recommenced action is not barred by the doctrine of res judicata, is a separate and distinct issue from whether plaintiffs are entitled to recommence their action pursuant to the tolling provision of CPLR 205 (a) *(see, Nems Enters. v Seltaeb, Inc.,* 24 AD2d 739; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3126:8, at 761 [1991]). Justice Altman correctly focused her attention on the nature and extent of plaintiffs' underlying discovery defaults, rather than the striking of the phrase "with prejudice", in finding that plaintiffs' Orange County action was dismissed for neglect to prosecute. Indeed, plaintiffs are barred from recommencing an action in New York County not because the Orange County action was dismissed "with prejudice", but because the statute of limitations has expired and the tolling provision of CPLR 205 (a) is unavailable.

Furthermore, the majority incorrectly assumes that the Orange County action could not have been dismissed for neglect to prosecute since defendant failed to serve a 90-day demand pursuant to CPLR 3216 (b) (3).[5] However, a dismissal

---

5. "R 3216. Want of prosecution.

"(a) Where a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof against any party * * * the court, on its own initiative or upon motion, may dismiss the party's pleading on terms. Unless the order specifies otherwise, the dismissal is not on the merits.

may be for failure to prosecute and subject to the exception in CPLR 205 (a) even though not made pursuant to CPLR 3216 (1 Weinstein-Korn-Miller, NY Civ Prac ¶ 205.06; Siegel, NY Prac § 52 [2d ed]; *see, e.g., Kelly v Rosenthal,* 176 AD2d 283, *lv denied* 79 NY2d 751; *Schwartz v Luks,* 46 AD2d 634). Justice Green granted defendant's motion to dismiss the complaint pursuant to CPLR 3126, not CPLR 3216. Dismissals that preclude a plaintiff from exploiting CPLR 205 (a), but are not for "want of prosecution" pursuant to CPLR 3216, are not subject to the procedural protections of CPLR 3216.

## Conclusion

This is a motion for reargument or for leave to appeal to the Court of Appeals. Reargument should be denied since appellants have failed to demonstrate that this Court overlooked or misapprehended points of fact or misapplied controlling principles of law (22 NYCRR 600.14 [a]; *Pahl Equip. Corp. v Kassis,* 182 AD2d 22, *lv denied in part and dismissed in part* 80 NY2d 1005, *rearg denied* 81 NY2d 782). The dismissal of the Orange County complaint for plaintiffs' continuous, deliberate and egregious failure to comply with Justice Hopkins' three orders and to provide discovery clearly constituted a dismissal for neglect to prosecute within the meaning of CPLR 205 (a). Since plaintiffs are not entitled to the six-month extension provided by CPLR 205 (a), we properly affirmed Justice Altman's dismissal of the untimely recommenced New York County action.

## Leave to Appeal

The decision of the majority, which is an interpretation by this Court of what an Orange County Judge intended when he dismissed the complaint, is in direct conflict with the Second Department's decision affirming that dismissal. Accordingly, I

---

"(b) No dismissal shall be directed under any portion of subdivision (a) of this rule and no court initiative shall be taken or motion made thereunder unless the following conditions precedent have been complied with * * *

"(3) The court or party seeking such relief * * * shall have served a written demand by registered or certified mail requiring the party against whom such relief is sought to resume prosecution of the action and to serve and file a note of issue within ninety days after receipt of such demand, and further stating that the default by the party upon whom such notice is served in complying with such demand within said ninety day period will serve as a basis for a motion by the party serving said demand for dismissal as against him for unreasonably neglecting to proceed."

would grant leave to the Court of Appeals to resolve this issue.

Motion for reargument or, in the alternative, for leave to appeal to the Court of Appeals is granted wherein reargument is sought, and upon reargument the unpublished decision and order of this Court entered on May 4, 1993 (Appeal No. 48903) is recalled and vacated, as is the unpublished decision and order of this Court entered on November 18, 1993 in substitution thereof, and a new decision and order is substituted, as indicated. The motion is otherwise denied, sua sponte, leave to appeal to the Court of Appeals is granted to the respondents, as indicated.