84 N.Y.2d 927 (1994)
644 N.E.2d 1368
620 N.Y.S.2d 812
Carven Associates, Also Known as Carvan Associates, et al., Respondents,
v.
American Home Assurance Corp., Defendant and Third-Party Plaintiff-Appellant. Delro Industries, Inc., et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants.
Court of Appeals of the State of New York.
Argued October 27, 1994.
Decided November 29, 1994.
Mound, Cotton & Wollan, New York City (Andrew C. Jacobson, Diane P. Simon and David I. Schonbrun of counsel), for defendant and third-party plaintiff-appellant.
Herzfeld & Rubin, P. C., New York City (David B. Hamm, Herbert Rubin, Ellin Mulholland and Linda M. Brown of counsel), for Delro Industries, Inc., third-party defendant-appellant.
Spiegel, Pergament & Brown, Poughkeepsie (Donald D. Brown, Jr., and Cynthia K. Fichera of counsel), for Litton Systems, Inc., third-party defendant-appellant.
Bartlett, McDonough, Bastone & Monaghan, White Plains (Edward J. Guardaro, Jr., of counsel), for Northberry Concrete Corp., third-party defendant-appellant.
Wilson, Bave, Conboy & Bave, P. C., White Plains (John P. Perfetti of counsel), for Charles V. Castaldo Construction Corp., third-party defendant-appellant.
Weg & Myers, P. C., New York City (Dennis T. D'Antonio, Myrle L. Davis and Joshua L. Mallin of counsel), for respondents.
Chief Judge KAYE and Judges SIMONS, TITONE, BELLACOSA, LEVINE and CIPARICK concur in memorandum; Judge SMITH taking no part.
*930 MEMORANDUM.
The order of the Appellate Division should be reversed, without costs, and the order of Supreme Court dismissing plaintiffs' complaint reinstated. The certified question should be answered in the negative.
In the singular circumstances presented by this appeal we conclude that Supreme Court properly exercised its discretion to dismiss the complaint and the third-party complaint, even after its previous denial of defendant American Home's motion had been affirmed by the Appellate Division, First Department (173 AD2d 369). A subsequent order of the Appellate Division, Second Department (175 AD2d 790), determined that a prior action by plaintiffs based upon the same events as the present action had been dismissed for their willful and repeated refusal to obey court-ordered disclosure and accordingly, plaintiffs were not entitled to reinstitute their action against defendant (see, CPLR 205 [a]).
Order reversed, etc.