David ,F. Lee, Jr., J.
The defendant Tier Oil Company moves ‘ ‘ for an Order dismissing the ¡second cause of action in the Plain *163 tiffs’ complaint as against [it] because of the plaintiffs’ failure to serve a summons and complaint within three years of the alleged occurrence, pursuant to CPLR 214 (subd. 4) upon the ground that the Statute of Limitations has run against the asserted cause of action in negligence and had .so run before the service of the summons and complaint herein ’ ’. ■->
Defendant’s counsel in a memorandum "urges that CPLR 205 (subd. [a]) is not available to plaintiffs, and notes, inter alia:
1 ‘ The seemingly applicable sections of the C.P.L.R. would be Sections 205, 3012 and 3216. The question to be addressed here is whether the dismissal under 3012 (b) is coexistent with and equivalent to a dismissal for neglect to prosecute under 3216. Under the case law in New York it appears that a dismissal under 3012 (b) is a dismissal for neglect to prosecute.
^ ^
“ * * * For this Court to permit the Plaintiffs to continue with the action in negligence in reliance on C.P.L.R. 205 would mean that the Appellate Division decision dismissing this action has no efficacy under either the statutes or the case law of the State of New York.
“ In analogy the failure to serve a complaint is in and of itself a neglect to prosecute the action. As such the decision of the Appellate Division would be a mere exercise in futility unless the Plaintiffs were so remiss as to fail to institute the action anew within the six-month period under C.P.L.R. 205.”
On the other hand, plaintiffs ’ counsel in a memorandum urge, in part:
‘ ‘ The motion which ultimately led to a dismissal of the foregoing action by the Appellate Division was exclusively based upon CPLR Section 3012, and the Court did not consider in any respect that the dismissal would be a dismissal for neglect to prosecute.
# # #
“ It is submitted that the legislative intent found in the entire Statute including the specific language of 205 (a) referring to neglect to prosecute (as well as the 1967 amendment to the CPLR) clearly and totally demonstrates that under such factual situations as the court is here presented, a dismissal for failure to serve a Complaint is not a dismissal for neglect to prosecute. Consequently, the plaintiff is entitled to the saving provisions of CPLR 205 (a), and the cause of action set forth in negligence has been timely commenced.”
That a motion to dismiss, pursuant to CPLR 3012 (subd. [b] ), was made, and that the Appellate Division, Third Department, “ modified, on the law and the facts, by striking from the decretal *164 paragraph [of the order of Special Term] so much thereof as granted a 10-day leave to plaintiffs to serve a complaint and by directing that, the action be dismissed as to [the defendant Tier Oil Company] ” is not, of course, disputed. The decision of the Appellate Division (40 A D 2d 930) notes, inter alia: “ The sole issue presented on this appeal is whether appellant’s [Tier Oil Company’s] motion for an order dismissing the action pursuant to CPLR 3012 (subd. [b]) should have been granted unconditionally ”.
CPLR 3012 provides for the dismissal of an action when plaintiff fails to serve a complaint within 20 days after a demand by the defendant, and dismissals on motions pursuant to CPLR 3012 have been granted where no valid excuse for the delay is indicated and no meritorious claim is shown. CPLR 3216 authorizes a court to dismiss an action when a party unreasonably neglects to proceed in the prosecution of his action. Plaintiffs ’ counsel urge that there is a distinction between motions pursuant to 3012 and those pursuant to 3216 which is significant when the motion to dismiss is granted after, as here, the Statute of Limitations on the plaintiffs’ claim has run. CPLR 205 (subd. [a]) provides that if the dismissal is for other than want of prosecution or 11 for neglect to prosecute the action * * * the plaintiff * * * may commence a mew action upon the same cause of action within six months after the termination ”; a six-month extension of the. Statute of Limitations is given to the plaintiff. There is no such extension after a dismissal pursuant to CPLR 3216, for failure to prosecute. Is there such an extension after a dismissal pursuant to CPLR 30121? Is a 3012 dismissal a dismissal for failure to prosecute ?
The court is not called upon on this application to determine whether the delay in serving the complaint was so inordinate as to justify a dismissal on the basis of " neglect to proceed ” uhder 3216, rather than failure to serve a complaint under 3012. Nor is the court called upon to determine how long á delay will change a 3012 dismissal into a 3216 dismissal. The statutory cause of dismissal is explicit. The Appellate Division decision (40 A D 2d 930) explicitly refers to the “ order dismissing the action pursuant to CPLR 3012 (subd. [b]) ”, and the order of Special Term notes "the plaintiffs’ failure to serve a complaint pursuant to Section 3012 (b) CPLR ”. Neither the decision of the Appellate Division nor the order of Special Term refers to nor mentions CPLR 3216. That the dismissal was a 3012 dismissal, rather than a 3216 dismissal, *165 was determined at Special Term on August 4,1972, on the initial motion.
The question before the court in Wright v. Farlin (42 A D 2d 141, cited and urged by defendant’s counsel, was whether a dismissal “ pursuant to CPLR 3012 (subd. [b]), for failure to serve a complaint constitutes ‘ a dismissal of the complaint for neglect to prosecute the action ’ under the terms of CPLR 205.” There the court noted (p. 143): “A review of the evolution of the case law in this area compels the conclusion that it does * # * We equated, in substance, a dismissal of a complaint for failure of service with neglect to prosecute the action. * * * The rule holding a CPLR 3012 (subd. [b]) dismissal to be one for neglect to prosecute emerging independently from that section of the CPLE is grounded in logic and has been favorably commented upon ”.
The motion on behalf of the defendant Tier Oil Company should be granted.