## SECOND DEPARTMENT, OCTOBER, 1983

## (October 3, 1983)

■ JERRY APICELLA, an Infant, By His Parent and Natural Guardian, VAL-
ERIE APICELLA, et al., Respondents, v VALLEY FORGE MILITARY ACADEMY AND
JUNIOR COLLEGE, Appellant. — In a negligence action to recover damages for
personal injuries, etc., the defendant appeals from so much of an order of the
Supreme Court, Nassau County (Levitt, J.), dated April 27, 1983, as, upon
granting its renewed motion to vacate its default in answering and for leave to
serve a late answer, conditioned the grant of leave on the deletion from the
answer of the defense of lack of personal jurisdiction. Order reversed, insofar
as appealed from, as a matter of discretion, with costs, and defendant's motion
granted unconditionally. The only issue before this court is whether defendant
can properly be prevented, as a condition for serving a late answer, from
pleading an alleged lack of in personam jurisdiction as a defense. In other
words, is such a condition a term "as may be just" under CPLR 2004? If the
record supported a conclusion that defendant had waived this defense (see, e.g.,
*Osserman v Osserman,* 92 AD2d 932), then we would have no inhibition
against upholding such a requirement as a shorthand way of striking a
meritless defense (CPLR 3211, subd [b]). However, there is no evidence in the
present record showing a waiver. Furthermore, the prejudice alleged by
plaintiffs as resulting from the assertion of the defense has no relation to the
fact that the answer was tardy, but would exist whenever service was per-
formed. We thus conclude that imposing this condition was an improvident
exercise of discretion, and defendant's answer should be deemed to include the
defense of lack of in personam jurisdiction in the form proposed in its moving
papers (cf. *Smith v Pach,* 30 AD2d 707). The motion for leave to serve a late
answer, when first before the court, was denied for lack of an affidavit showing
a meritorious defense, with leave to renew. Upon renewal showing a meritori-
ous defense, the court imposed a condition that the defense not be pleaded. In
their brief on appeal, plaintiffs argue that defendant's actions since the entry
of the order now being appealed from demonstrate a waiver of the jurisdic-
tional defense. Such is beyond the purview of this appeal. If plaintiffs be so
advised, they may bring a motion to strike the defense (see *Ortiz v Booth Mem.
Med. Center,* 94 AD2d 698; *Calloway v National Servs. Inds.,* 93 AD2d 734). Of
course, we now express no view on the merits of whether personal jurisdiction
under either CPLR 301 or 302 exists in this case, or whether defendant's
actions subsequent to Special Term's order might constitute a waiver of the
defense of lack of personal jurisdiction. Gibbons, J. P., Bracken, Brown and
Niehoff, JJ., concur.

■ MARIE BENEDETTO et al., Appellants, v LAWRENCE HODES et al., Respon-
dents. — Order of the Supreme Court, Suffolk County (Vitale, J.), dated June
9, 1982, affirmed, without costs or disbursements (see *Amodeo v Radler,* 59
NY2d 1001). Lazer, J. P., Thompson, O'Connor and Brown, JJ., concur.