■ MARIE BENEDETTO et al., Appellants, v LAWRENCE HODES et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., allegedly suffered as a result of an automobile accident, plaintiffs appeal from an order of the Supreme Court, Suffolk County (McCarthy, J.), dated January 26, 1984, which granted defendants' motion to dismiss the complaint as barred by the Statute of Limitations, and for failure to prosecute.

Order affirmed, with costs.

On or about January 4, 1982, by service of a summons with notice, plaintiffs commenced a negligence action to recover damages for personal injuries and loss of consortium arising out of an automobile accident which occurred on January 4, 1979. On January 20, 1982, defendants appeared in the action and made a demand for a complaint. Since plaintiffs did not serve a complaint within 20 days of said demand as required by CPLR 3012 (b), defendants, by notice of motion dated March 12, 1982, moved to dismiss the action. Special Term, by order dated June 9, 1982, granted defendants' motion. We affirmed in an order dated October 3, 1983 (*Benedetto v Hodes,* 97 AD2d 392).

Thereafter, in November 1983, plaintiffs commenced a second action against defendants by service of a summons and verified complaint. Defendants again moved to dismiss the action, this time on the ground that the same was barred by the Statute of Limitations and, moreover, as the first action had been dismissed for failure to prosecute, plaintiffs were precluded from bringing another action based upon the same occurrence under CPLR 205 (a).

The law is clear that the dismissal of an action for failure to serve a complaint within 20 days after due demand therefor constitutes a neglect to prosecute within the intendment of CPLR 205 (a) (*Schwartz v Luks,* 46 AD2d 634; *Wright v Farlin,* 42 AD2d 141, *appeal dismissed* 33 NY2d 657; *Loomis v Girard Fire & Mar. Ins. Co.,* 256 App Div 443; *Fisher v Tier Oil Co.,* 75 Misc 2d 162).

We do not perceive, as plaintiffs urge, that any change in this rule was effected by virtue of the Legislature's amendment to CPLR 305 (b) in 1978. While noncompliance with the requirements of that section may not be the equivalent of neglect to prosecute (*see,* Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3012:1, p 154, 1984-1985 Pocket Part), in the case at bar, plaintiffs' failure was in not timely serving a complaint *after* service of a proper summons, which differs from the procedural omission said amendment was intended to prevent.

Since plaintiffs' second action was not timely under the Statute of Limitations, Special Term was correct in granting defendants' motion to dismiss. Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.