■ JACK A. CUMMINGS, JR., by His Natural Parents, JACK H. CUMMINGS, SR., et al., Respondents, v ST. JOSEPH'S HOSPITAL HEALTH CENTER et al., Appellants, et al., Defendants.— Order unanimously reversed, on the law, without costs, and appellants' motions granted. Memorandum: St. Joseph's Hospital and Crouse-Irving Hospital appeal from an order denying their motions to dismiss plaintiffs' medical malpractice action for failure to serve a complaint (CPLR 3012 [b]) and granting plaintiffs' cross motion to dismiss for their failure properly to caption the action. In granting plaintiff leave to recommence the action within 30 days, the court held that plaintiffs were entitled to the Statute of Limitations extension of CPLR 205 (a).

The court erred in denying the motions to dismiss because plaintiffs failed to make an adequate showing of merit in opposition *(Kel Mgt. Corp. v Rogers & Wells,* 64 NY2d 904, 905; *see also, Stolowitz v Mount Sinai Hosp.,* 60 NY2d 685, 686). Plaintiffs' failure to serve a complaint in response to defendants' demand and failure to obtain leave to serve a late complaint constitute law office failure. Thus plaintiffs were required to submit an affidavit of merit in order to defeat the motions *(Kel Mgt. Corp. v Rogers & Wells, supra).* Plaintiffs submitted only the affidavit of their attorney and an unsworn letter from their expert witness which were insufficient to demonstrate the merit of plaintiffs' claim *(see, Fiore v Galang,* 64 NY2d 999, 1000-1001).

Even if we were to treat the expert's letter and the attorney's affidavit as evidentiary matter, no facts were stated which would warrant imposition of liability against the hospitals. Plaintiffs have shown no breach of duty on the part of the hospitals and no employment relationship between the hospitals and the individual defendants. Plaintiffs' failure to demonstrate the merit of their claim in response to the CPLR 3012 (b) motion in compels the unconditional dismissal of their action *(Kel Mgt. Corp. v Rogers & Wells, supra).* Such dismissal, unlike the dismissal ground relied upon by the court, does not entitle plaintiffs to the Statute of Limitations extension of CPLR 205 (a) *(see, Benedetto v Hodes,* 112 AD2d 393; *Schwartz v Luks,* 46 AD2d 634). (Appeals from order of Supreme Court, Onondaga County, Aloi, J.—dismiss action.) Present—Denman, J. P., Boomer, Pine, Lawton and Davis, JJ.