■ LILLIAN HOROWITZ, Respondent, v ELZENIA McDUFFIE, Appellant. [605 NYS2d 463] —Crew III, J. Appeal from an order of the Supreme Court (Hughes, J.), entered December 28, 1992 in Albany County, which, *inter alia,* granted defendant's motion for an extension of time to answer upon the condition that defendant not raise the Statute of Limitations as a defense.

On June 27, 1991 plaintiff allegedly sustained serious personal injuries when she was struck by a bus owned by Capital District Transit System Capital District Transportation District, Inc., a wholly owned subsidiary of Capital District Transportation Authority (hereinafter CDTA), and operated by defendant, an employee of CDTA. Plaintiff commenced this action against defendant by service of a summons and complaint on September 14, 1992. Defendant forwarded the summons and complaint to CDTA on September 16, 1992, which forwarded the same to its insurance carrier. Upon receipt of the summons and complaint, a representative of the carrier telephoned the attorney for plaintiff to advise that the applicable Statute of Limitations had expired and to request that the action be discontinued or, alternatively, to seek an extension of time to answer. That call was made within the applicable time to answer, but the representative was advised that plaintiff's counsel was on vacation. On October 7, 1992, three days after the time to answer had expired, plaintiff's counsel returned the representative's phone call, advised that he did not believe the Statute of Limitations had expired and refused the request for an extension of time to answer. The summons and complaint were then forwarded to counsel for defendant, who made a motion for an extension of time to appear and answer and for dismissal of the complaint on Statute of Limitations grounds. Plaintiff cross-moved for a default judgment. Supreme Court denied plaintiff's cross motion and granted defendant's motion on the condition that defendant refrain from interposing the Statute of Limitations as a defense. Defendant alone has appealed from the order.

Initially, plaintiff contends that defendant improperly moved for an extension of time and should have instead

moved for relief from her default. We disagree. We have previously held that a defendant may move for an extension of time to answer, notwithstanding expiration of the original answering period, where, as here, the motion for an extension precedes an application for a default judgment *(see, Wrye v Ciba-Geigy Corp.,* 92 AD2d 341, 343). Here it seems clear, as found by Supreme Court, that the delay was neither willful nor overly lengthy, there is no showing of prejudice and defendant has demonstrated a meritorious defense. Accordingly, Supreme Court was well within its discretion to extend defendant's time to answer. However, we find that Supreme Court's condition that defendant be prohibited from asserting the defense of Statute of Limitations was an improvident exercise of discretion in that this was the very defense found to be meritorious, justifying the grant of the motion in the first instance *(see, Apicella v Valley Forge Military Academy & Jr. Coll.,* 97 AD2d 392). Furthermore, inasmuch as defendant demonstrated that she possessed a conclusive defense, Supreme Court should have granted the motion to dismiss on the ground that the action was not commenced with one year and 30 days as required by Public Authorities Law § 1317 *(see, Livigni v City of New York,* 160 AD2d 684). We have examined plaintiff's remaining arguments for affirmance and find them to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Mercure and Cardona, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to dismiss the complaint; motion granted and complaint dismissed; and, as so modified, affirmed.