■ ANONYMOUS, Appellant, v ANONYMOUS, Respondent. [699 NYS2d 688] —Judgment, Supreme Court, New York County (Marylin Diamond, J.), entered April 8, 1998, unanimously affirmed for the reasons stated by Diamond, J., with costs and disbursements. No opinion. Concur—Ellerin, P. J., Wallach, Lerner, Andrias and Saxe, JJ.

■ LESLIE FRANCIS et al., Appellants, v ELFORT REALTY CORP. et al., Respondents. [699 NYS2d 690] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about October 1, 1998, which granted defendants' motions to dismiss the complaint as time-barred, unanimously affirmed, without costs.

The action is not saved by CPLR 205 (a), plaintiffs' prior action having been dismissed for "neglect to prosecute" within the meaning of that section after plaintiffs' attorney had failed to appear at five court-scheduled preliminary conferences. Concur—Ellerin, P. J., Wallach, Lerner, Andrias and Saxe, JJ.

■ KIDDER, PEABODY & CO., INC., Respondent, v JOSEPH A. HENEHAN, Appellant. [699 NYS2d 689] —Judgment, Supreme Court, New York County (Paula Omansky, J.), entered April 13, 1999, which granted petitioner's application to stay arbitration pursuant to CPLR article 75, unanimously affirmed, without costs.

The subject Customer Agreement, although providing for arbitration of any disputes arising thereunder, included a New York choice of law provision effectively incorporating New York's rule that threshold Statute of Limitations questions are for the courts (see, Matter of Smith Barney, Harris Upham & Co. v Luckie, 85 NY2d 193, cert denied sub nom. Manhard v Merrill Lynch, Pierce, Fenner & Smith, 516 US 811; see also, Merrill Lynch, Pierce, Fenner & Smith v Ohnuma, 218 AD2d 572). Accordingly, the IAS Court properly entertained the petition to stay arbitration on the ground that respondent's claims under the Customer Agreement were time-barred. As to the merits, the court's determination that respondent's claims were, in fact, time-barred is not contested. Concur—Ellerin, P. J., Wallach, Lerner, Andrias and Saxe, JJ.·