■ ANNE MACINTOSH, Appellant, v RICHARD BRONZO, Respondent. [754 NYS2d 899] —In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), entered February 19, 2002, which granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint as barred by the statute of limitations.

Ordered that the order is affirmed, with costs.

In the original action between these parties, the Supreme Court dismissed the complaint based upon its conclusion that the plaintiff wilfully failed to comply with its orders. Rather than appeal the order of dismissal, the plaintiff unsuccessfully moved to vacate it pursuant to CPLR 5015. The plaintiff then instituted this action, alleging the same facts and circumstances, and attempted to apply the tolling provisions of CPLR 205 (a) in order to make the second action timely. It is well settled that if a prior action was dismissed for neglect to prosecute, the six-month extension afforded by CPLR 205 (a) for the reinstitution of suits is not applicable (*see Alaimo v Velco Enters.*, 234 AD2d 325). Further, it is equally well settled that

if a matter is dismissed for the wilful and repeated refusal to obey court-ordered disclosure, that party is not entitled to reinstitute the action under the authority of CPLR 205 (a) (*see Carven Assoc. v American Home Assur. Corp.,* 84 NY2d 927). Additionally, there is no proof in the record that the plaintiff properly served the defendant with the second complaint as mandated by CPLR 205 (a). Accordingly, the Supreme Court properly dismissed the subject action as barred by the statute of limitations. Altman, J.P., Smith, McGinity and Townes, JJ., concur.