■ CHERYL ANDREA et al., Respondents, v ARNONE, HEDIN, CASKER, KENNEDY AND DRAKE ARCHITECTS AND LANDSCAPE ARCHITECTS, P.C. (HABITERRA ASSOCIATES), et al., Defendants, and TIEDE-ZOELLER, INC., Appellant. (Action No. 1.) MARK FOSTER et al., Respondents, v JAMESTOWN PUBLIC SCHOOLS et al., Appellants, et al., Defendants. (Action No. 2.) [762 NYS2d 214] —Appeals from an order of Supreme Court, Chautauqua County (Gerace, J.), entered May 10, 2002, which, inter alia, denied the motions of defendant Tiede-Zoeller, Inc. and the cross motion of defendant Jamestown Public Schools to dismiss the complaints against them.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs, the motions and the cross motion are granted and the complaints against defendants Tiede-Zoeller, Inc. and Jamestown Public Schools are dismissed.

Memorandum: Plaintiffs, various teachers and former students at the Jefferson Middle School in Jamestown, allegedly were exposed to toxic materials that caused various health problems when the school was renovated in 1992, and subsequently commenced actions to recover damages. The defendants in those actions moved for an order precluding plaintiffs from introducing certain evidence and testimony at trial for failure to respond to outstanding discovery demands. By order dated February 9, 1996, Supreme Court denied the preclusion motion and cross motions but ordered plaintiffs to provide responses to all outstanding discovery demands within 30 days. By order dated February 13, 1997, the court scheduled depositions and ordered plaintiffs to serve amended complaints and bills of

particulars and provide supplemental interrogatory responses within 30 days after the depositions. By order dated December 10, 1998, the court denied a further motion by defendants to dismiss the complaints for failure to comply with discovery orders and demands, but the order expressly provided that the court would reconsider dismissal of the complaints if plaintiffs failed within 60 days to establish a prima facie case by submitting evidence of each plaintiff's exposure, injury, causation of injury, and damages. The court further ordered plaintiffs to provide answers to interrogatories within 30 days and to confer with defendants' counsel to set a schedule for the completion of discovery and the filing of a note of issue no later than July 15, 1999. The court also scheduled a hearing to be held on February 8, 1999, to determine whether counsel fees, costs and sanctions should be assessed against plaintiffs' attorneys.

By order dated January 11, 1999, the court denied a further motion by defendants for an order striking the complaints and dismissing the actions. The court reiterated that a hearing on counsel fees, costs and sanctions would be held on February 8, 1999, and that it "may dismiss" the complaints if plaintiffs failed to establish a prima facie case by that time. The court also ordered plaintiffs to answer "all outstanding and previously unanswered" interrogatories within 30 days, and the court reiterated that discovery should be completed and a note of issue filed by July 15, 1999. The deadline of February 8, 1999 for the submission of evidence of a prima facie case and answers to interrogatories was extended to April 3, 1999. On that date, instead of complying with the previous discovery deadlines and furnishing evidence of a prima facie case, plaintiffs moved for an extension of time.

By order dated July 12, 1999, the court conditionally dismissed the complaints unless plaintiffs complied with all discovery orders and demands by August 15, 1999. The court further ordered plaintiffs' attorneys to pay defendants' counsel fees and costs as a sanction for frivolous conduct "undertaken primarily to delay or prolong resolution of this litigation." By order dated May 19, 2000, the court dismissed the complaints based on its conclusion that plaintiffs had failed to comply with the earlier discovery orders and demands. The court stated that it had "no other option" but to dismiss the case and that it was doing so "with great reluctance." While the appeals from that order were pending, plaintiffs hired new attorneys and moved for renewal or reargument. The court granted reargument on a ground not raised by plaintiffs and reinstated the complaints against three of the defendants. In the interim, we

affirmed the original order dismissing the complaints (*Andrea v E.I. DuPont DeNemours & Co.*, 284 AD2d 921 [2001]) and, upon the subsequent appeals of those three defendants from the order granting reargument, we reversed that order and reinstated the final order of dismissal with respect to them (*Andrea v E.I. DuPont DeNemours & Co.*, 289 AD2d 1039 [2001], *lv denied* 97 NY2d 609 [2002]).

While the appeals from the order granting reargument were pending, plaintiffs commenced new actions pursuant to CPLR 205 (a), and defendant Tiede-Zoeller, Inc. (Tiede-Zoeller) moved and defendant Jamestown Public Schools (Jamestown) cross-moved to dismiss the complaints against them. Those defendants contended, inter alia, that the new actions were time-barred. The court again required plaintiffs to tender evidence of a prima facie case, inasmuch as plaintiffs had not previously provided such evidence. Upon determining that plaintiffs had tendered such evidence, the court denied the motions and cross motion and concluded that plaintiffs were entitled to commence the actions pursuant to CPLR 205 (a). The court determined that it had dismissed the prior actions only because of the failure of plaintiffs' former attorneys to comply with discovery orders and demands, not upon the merits or for plaintiffs' neglect to prosecute.

We reverse. CPLR 205 (a) does not apply where the former action was terminated by, inter alia, "a dismissal of the complaint for neglect to prosecute the action." We conclude, despite the court's statement to the contrary, that plaintiffs' former actions were dismissed for neglect to prosecute.

It is well settled that plaintiffs who have "willful[ly] and repeated[ly] refus[ed] to obey court-ordered disclosure" are not entitled to reinstitute their actions pursuant to CPLR 205 (a) because such refusal constitutes a neglect to prosecute within the meaning of that section (*Carven Assoc. v American Home Assur. Corp.*, 84 NY2d 927, 930 [1994]; *see Flans v Federal Ins. Co.*, 43 NY2d 881 [1978]; *MacIntosh v Bronzo*, 302 AD2d 434 [2003]; *Alaimo v Velco Enters.*, 234 AD2d 325 [1996]). CPLR 205 (a) "will normally '[apply to] situations in which a suit has been started but, due to an excusable mistake or a procedural defect or ineptitude of counsel or inability to obtain needed evidence, or some other cause that should not be fatal to the claim, the start has been a false one'" (*George v Mt. Sinai Hosp.*, 47 NY2d 170, 179 [1979]). Contrary to the contention of plaintiffs, the failure of their former attorneys to comply with discovery orders and demands for over four years was not merely a matter of "ineptitude," nor can it be said that there

was a "false start" in this case. Here, the court issued five orders to comply with discovery demands over a period of four years, conditionally dismissed the actions for noncompliance, imposed monetary sanctions on counsel, and finally dismissed the complaints only after all of those measures proved unsuccessful in eliciting discovery compliance. We conclude that, under the circumstances of this case, the dismissal was predicated upon a neglect to prosecute, thus rendering the revival provisions of CPLR 205 (a) inapplicable (*see Carven*, 84 NY2d at 930; *MacIntosh*, 302 AD2d 434 [2003]; *see also Francis v Elfort Realty Corp.*, 267 AD2d 120 [1999]; *Williams v Jian Chu Yu*, 207 AD2d 442 [1994]; *Kelly v Rosenthal*, 176 AD2d 283 [1991], *lv denied* 79 NY2d 751 [1991]; *Benedetto v Hodes*, 112 AD2d 393 [1985]). We therefore reverse the order, grant the motions of Tiede-Zoeller and the cross motion of Jamestown and dismiss the complaints against them.

In light of our determination, we do not address defendants' remaining contentions.

All concur except, Pine, J.P., and Gorski, J., who dissent in part and vote to modify in accordance with the following memorandum.

Pine, J.P., and Gorski, J. (dissenting in part). We respectfully dissent in part, and conclude that Supreme Court properly denied the motions of defendant Tiede-Zoeller, Inc. and the cross motion of defendant Jamestown Public Schools to dismiss the complaints with respect to all plaintiffs except Timothy Moran (hereafter, plaintiffs). The sole contested issue on this appeal is whether the court, in dismissing the prior complaints by order dated May 19, 2000, did so because of plaintiffs' neglect to prosecute the action or because of the ineptitude of counsel for plaintiffs. In *Schuman v Hertz Corp.* (17 NY2d 604 [1966]), the intent of the trial court in dismissing the action was the only factor considered by the Court of Appeals. The Court wrote that "[t]he record before us indicates that the dismissal of the original suit was not intended by the Justice presiding to be a dismissal for neglect to prosecute. We call particular attention to the fact that the same Justice who dismissed the original action also denied defendant's motion to dismiss this complaint on the grounds that the original one had not been dismissed for neglect to prosecute" (*id.* at 605-606). In this case, the court specified that it had dismissed the prior complaints because of the ineptitude of plaintiffs' counsel, and thus we are compelled to disagree with the statement of the majority that the prior dismissal "was predicated upon a neglect to prosecute." Indeed, the court wrote:

"Any reading of the decisions issued by this Court over the history of the prior actions can leave no doubt that it was the ineptitude of counsel that prompted the dismissal of the actions. It was for that reason that the Court first took the step of sanctioning prior plaintiffs' counsel before finally dismissing the cases and directed counsel to provide copies of the Court's decisions to the innocent [plaintiffs] * * * so that they would know where the blame should lie.

"There has been nothing at all submitted to suggest that the [plaintiffs], as opposed to their former counsel, were unwilling to prosecute the actions in a timely fashion. This is not a situation in which discovery defaults occurred because of a plaintiff's failure to cooperate."

The courts of this State have long held that an innocent party should not be penalized for the neglect of counsel (see e.g. *Paoli v Sullcraft Mfg. Co.*, 104 AD2d 333, 334 [1984]; *Neyra y Alba v Pelham Foods,* 46 AD2d 760, 761 [1974]; *Moran v Rynar*, 39 AD2d 718, 718-719 [1972]). "A proper exercise of discretion in cases like this requires a balanced consideration of all relevant factors, including the merit or lack of merit in the action, seriousness of the injury, extent of the delay, excuse for the delay, prejudice or lack of prejudice to the defendant, and the intent or lack of intent to deliberately default or abandon the action. Also to be weighed in the balance is our strong public policy that actions be disposed of on the merits * * *. * * * 'It must be borne in mind, moreover, that dismissal is a harsh penalty imposed on a client for his lawyer's failures; justified annoyance by the court at a lawyer's procrastinations should not be vented on the litigant with a meritorious claim by closing the courts to him'" (*Moran*, 39 AD2d at 718-719).

The majority states that "plaintiffs who have 'willful[ly] and repeated[ly] refus[ed] to obey court-ordered disclosure' are not entitled to reinstitute their actions pursuant to CPLR 205 (a)," quoting *Carven Assoc. v American Home Assur. Corp.* (84 NY2d 927, 930 [1994]). In our view, the majority's reliance on *Carven Assoc.* is misplaced. In that case, the Court of Appeals prefaced its decision with the statement, "In the singular circumstances presented by this appeal * * *," thereby narrowly limiting the precedential effect of its decision therein (*id.*). Based on the clear expression of the court's intention when dismissing these complaints prior to re-commencement of the actions in accordance with CPLR 205 (a), we are compelled to conclude that the court properly exercised its discretion.

We note, however, that plaintiff Timothy Moran was not a party to the original actions prior to their dismissal, and thus

we agree with the majority that the complaint in action No. 1 should have been dismissed with respect to him. Present— Pine, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.