██ CHERYL ANDREA et al., Respondents, v ARNONE, HEDIN, CASKER, KENNEDY AND DRAKE, ARCHITECTS AND LANDSCAPE ARCHITECTS, P.C. (HABITERRA ASSOCIATES), et al., Appellants, et al., Defendants. (Action No. 1.) MARK FOSTER et al., Respondents, v JAMESTOWN PUBLIC SCHOOLS et al., Defendants, and ARNONE, HEDIN, CASKER, KENNEDY AND DRAKE, ARCHITECTS AND LANDSCAPE ARCHITECTS, P.C. (HABITERRA ASSOCIATES), et al., Appellants. (Action No. 2.) [778 NYS2d 385]—Appeal from an order of the Supreme Court, Chautauqua County (Joseph Gerace, J.), entered November 13, 2002. The order denied the motions and cross motions of defendants Arnone, Hedin, Casker, Kennedy and Drake, Architects and Landscape Architects, P.C. (Habiterra Associates), Atomized Materials Co., Inc., Color Technics Co., Inc., DAP, Inc., Henderson-Johnson, Inc., Hercules Incorporated, Nichter Construction Co., Inc., and Aramark/The Service Master

Company to dismiss the amended complaints against them, granted plaintiffs' cross motion to extend the time to file proof of service against those defendants, and granted plaintiffs an extension of time to serve Foam Enterprises, Inc.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs, the motions and cross motions of defendants Arnone, Hedin, Casker, Kennedy and Drake, Architects and Landscape Architects, P.C. (Habiterra Associates), Atomized Materials Co., Inc., Color Technics Co., Inc., DAP, Inc., Henderson-Johnson, Inc., Hercules Incorporated, Nichter Construction Co., Inc., and Aramark/ The Service Master Company are granted, the amended complaints against them are dismissed, plaintiffs' cross motion is denied and the penultimate ordering paragraph is vacated.

Memorandum: Based on our reasoning in *Andrea v Arnone, Hedin, Casker, Kennedy & Drake Architects & Landscape Architects* (306 AD2d 819 [2003], *appeal dismissed* 100 NY2d 614 [2003]), we conclude that Supreme Court erred in denying the motions and cross motions of all appellants except Foam Enterprises, Inc. (Foam Enterprises) seeking dismissal of the amended complaints in the newly-commenced actions against them and in granting the cross motion of plaintiffs with respect to those appellants (*see Mobil Oil Corp. v City of Syracuse Indus. Dev. Agency*, 224 AD2d 15, 19 [1996], *lv denied* 89 NY2d 811 [1997], *appeal dismissed* 89 NY2d 860 [1996]). Foam Enterprises did not move to dismiss the amended complaints against it because it had not yet been served when the motions were made, but nonetheless properly appealed as a party aggrieved by the order (*see* CPLR 5511). Therefore, that part of the order allowing plaintiffs an extension of time to serve Foam Enterprises must be vacated (*see* CPLR 5522 [a]; *Hecht v City of New York*, 60 NY2d 57, 64 [1983]). In light of our determination, we see no need to reach the parties' remaining contentions.

All concur except Gorski, J., who concurs on constraint of *Andrea v Arnone, Hedin, Casker, Kennedy & Drake Architects & Landscape Architects* (306 AD2d 819 [2003], *appeal dismissed* 100 NY2d 614 [2003]). Present—Wisner, J.P., Hurlbutt, Gorski, Martoche and Hayes, JJ.