■ FEDERAL LAND BANK OF SPRINGFIELD, Respondent, v THOMAS SAUNDERS et al., Appellants, et al., Defendants. — In an action to foreclose a mortgage on real property, defendants Thomas Saunders and Francis Saunders appeal from (1) an order of the Supreme Court, Dutchess County (Palella, J.), dated December, 13, 1983, which, after a nonjury trial, granted plaintiff foreclosure and sale of the mortgaged premises and dismissed appellants' defense and counterclaim on the merits, and (2) a judgment of the same court, dated September 21, 1984, granting plaintiff final judgment of foreclosure and sale.

Appeal from the order dismissed (*see, Matter of Aho*, 39 NY2d 241, 248).

Judgment affirmed.

Respondent is awarded one bill of costs.

Respondent, a Federally chartered institution authorized to make long-term real estate mortgage loans to farmers, has complied with its statutory mandate by formulating a policy of alternatives to foreclosure when a delinquent borrower is cooperative, makes an honest effort to meet his loan obligations,

and is capable of working out of the debt burden (*see,* 12 CFR 614.4510 [d] [1]; *DeLaigle v Federal Land Bank,* 568 F Supp 1432). This policy, as set forth in respondent's internal guidelines, does not have the force and effect of law, but is designed to guide respondent's discretion in rendering individual decisions (*see, Brown v Lynn,* 392 F Supp 559; *Government Natl. Mtge. Assn. v Screen,* 85 Misc 2d 86).

The record establishes that respondent did not abuse this discretion in seeking foreclosure. After appellants' first default in 1977, respondent forbore for over two years and then executed a reamortization agreement with appellants in May 1979. Appellants soon defaulted on the payments under the 1979 agreement as well, at which time respondent's agent reviewed their financial history and met with them to determine whether appellants could somehow meet their obligations. Again, respondent forbore for one year prior to commencing this foreclosure action.

Under these circumstances, respondent acted within its governing regulations, and we will not substitute our judgment for that of respondent (*see, Miller v Federal Land Bank,* 587 F2d 415, 422, *cert denied* 441 US 962).

Furthermore, the trial court properly dismissed appellants' defense and counterclaim. The alleged fraudulent acts complained of by appellants occurred prior to the 1979 reamortization agreement. Said agreement clearly provides that appellants agreed to pay their indebtedness "without offset, deduction, defense or counterclaim". Accordingly, appellants' claims are barred by this agreement (*see, New York State Urban Dev. Corp. v Garvey Brownstone Houses,* 98 AD2d 767, 771).

We have reviewed appellants' remaining contentions and find them to be without merit. Titone, J. P., Thompson, O'Connor and Eiber, JJ., concur.