■ CAROL RICHARDSON, Appellant, v NIAZ AHMED et al., Respondents.—Levine, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered April 17, 1989 in Albany County, which, *inter alia,* granted defendants' motions to dismiss the complaint for failure to timely file a notice of medical malpractice action.

Plaintiff commenced this medical malpractice action against defendants, Niaz Ahmed, Whitney M. Young, Jr. Health Center, Inc. (hereinafter the Health Center) and Memorial Hospital, based upon defendants' alleged failure to discover that plaintiff was pregnant at the time she underwent a tubal ligation in September 1986. As a result, plaintiff had to undergo an abortion in November 1986.

Approximately 11 months after joinder of issue, Memorial Hospital moved to dismiss plaintiff's complaint on the ground that plaintiff had failed to file a notice of medical malpractice action as required by CPLR 3406 (a). The Health Center and Ahmed cross-moved for the same relief. Plaintiff responded by cross motion seeking permission to file a late notice of medical malpractice action. Supreme Court granted defendants' motions dismissing the complaint and denied plaintiff's cross motion. Plaintiff appeals.

During the pendency of this appeal, the Court of Appeals has ruled that courts do not have the authority to dismiss an action for noncompliance with the statutory notice requirement of CPLR 3406 (a) without first granting a conditional order *(Tewari v Tsoutsouras,* 75 NY2d 1). Accordingly, all defendants agree that *Tewari v Tsoutsouras (supra)* requires reversal of Supreme Court's order. Therefore, we grant plaintiff permission to file the late notice, but impose the conditions that plaintiff serve and file the notice promptly and pay defendants' motion costs associated with her noncompliance with CPLR 3406 (a) *(see,* 22 NYCRR 202.56 [a] [3]).

Finally, we reject the Health Center's argument that we may consider its motion before Supreme Court as one for summary judgment and uphold the dismissal of the complaint against it on that basis.

Order reversed, on the law, without costs, motions denied and cross motion granted on condition that plaintiff serve and file the notice of medical malpractice action and pay defendants' motion costs within 15 days of the date of this court's decision. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.