■ CAROL RICHARDSON, Appellant, v NIAZ AHMED et al., Respondents, et al., Defendant.—Levine, J. Appeal from an order of the Supreme Court (Prior Jr., J.), entered September 7, 1990 in Albany County, which granted certain defendants' motions to dismiss the complaint against them on the ground that plaintiff failed to comply with a prior conditional order.

This case was previously before this court on appeal from an order of Supreme Court dismissing the complaint for failure to timely file a notice of medical malpractice action as required by CPLR 3406 (a) (159 AD2d 838). In a decision dated March 22, 1990, we reversed Supreme Court's order and granted plaintiff's cross motion seeking permission to file a late notice "on condition that plaintiff serve and file the notice of medical malpractice action and pay defendants' motion costs within 15 days of the date of this court's decision" (supra, at 839). An order reflecting this decision was subsequently entered. On April 4 and 6, 1990, plaintiff received a bill of costs in the amount of $100 from defendants Whitney M. Young Jr. Health Center, Inc. (hereinafter the Health Center) and Niaz Ahmed, respectively. Plaintiff did not respond to either of these statements, but did serve and file a notice of medical malpractice on April 6, 1990. Additionally, a check for $100 dated May 2, 1990 was sent to counsel for defendant Memorial Hospital. That check was later returned to plaintiff's counsel with a letter stating that Memorial Hospital was not entitled to motion costs because it did not participate in the appeal.

On May 2, 1990, Ahmed moved to dismiss the complaint based upon plaintiff's failure to pay his motion costs in accordance with this court's order. Plaintiff then forwarded to Ahmed a check in the amount of $100, which is apparently being held in escrow pending the outcome of this matter. The Health Center cross-moved for the same relief sought by Ahmed. Supreme Court granted the motion and cross motion and this appeal followed.

On this appeal, plaintiff concedes her noncompliance with this court's prior decision and conditional order, but contends that the failure to timely pay the motion costs of the Health Center and Ahmed resulted from confusion as to which defendants were entitled to such costs. Plaintiff attributes this confusion, for the first time on appeal, to law office failure. Notably, this was the reason previously given by plaintiff for her failure to file the notice of medical malpractice action. In our view, plaintiff's present lack of compliance is inexcusable. It is undisputed that plaintiff received bills of costs from the

defendants for whose motion costs she was responsible prior to the expiration of the specified 15-day period. If, at that time, plaintiff was in fact confused or unclear regarding this court's prior order, she could have moved for a clarification of that order and/or for an extension of time in which to pay the required costs. In the absence of any such efforts, plaintiff's disregard of this court's decision and conditional order warrants dismissal of this action (see, Tewari v Tsoutsouras, 75 NY2d 1, 10-11).

Mahoney, P. J., Casey, Weiss and Harvey, JJ., concur. Ordered that the order is affirmed, with one bill of costs.