■ JOHN WILLIAMS et al., Appellants, v JIAN CHU YU, Respondent, et al., Defendant. [615 NYS2d 752] —In an action to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Queens County (Dunkin, J.), dated November 29, 1991, which granted the motion of the

defendant Jian Chu Yu to dismiss the complaint insofar as it is asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiffs originally commenced a medical malpractice action against the defendants in the Supreme Court, Nassau County. Issue was joined by service of an answer dated December 5, 1988. By order dated June 9, 1989, the Supreme Court granted the motion of the defendant Jian Chu Yu to dismiss the complaint for failure to timely serve a notice of medical malpractice action as required by CPLR 3406, and denied the plaintiffs' cross motion for leave to file a late notice. During the pendency of the plaintiffs' motion for reargument, the Court of Appeals rendered its decision in *Tewari v Tsout-souras* (75 NY2d 1), holding that the failure to timely file a notice of medical malpractice action was not a basis for dismissing an action. In an order dated November 19, 1989, the Supreme Court vacated the order of June 9, 1989, and gave the plaintiffs leave to make an appropriate application for leave to file a late notice of medical malpractice action. The plaintiffs did not make such an application until 10 months later. Because the plaintiffs failed to explain the 10-month delay, the Supreme Court, by order dated October 24, 1990, denied the plaintiffs' application, but granted the plaintiffs leave to renew within 30 days upon proper papers, and cautioned the plaintiffs that failure to adhere to the time limitation would result in the action being "unconditionally dismissed". The plaintiffs did not avail themselves of the 30-day period. Consequently, upon the plaintiffs' default, the court dismissed the plaintiffs' action pursuant to CPLR 3126 by order dated January 14, 1991.

Prior to the dismissal of that action, the plaintiffs had also commenced a second action in the Supreme Court, Nassau County, based on the same allegations. In an order dated December 6, 1990, the Supreme Court dismissed the second action pursuant to CPLR 3211 (a) (4) because the first action was then pending.

On February 11, 1991, the plaintiffs commenced the instant action in the Supreme Court, Queens County, after the Statute of Limitations had expired on the cause of action, but within six months of the dismissals of both of the prior actions. In an order dated November 29, 1991, the Supreme Court, Queens County, dismissed the instant action as time-barred. The plaintiffs appeal from this order and argue that the instant action was erroneously dismissed as untimely

because the plaintiffs were entitled to a six-month extension under CPLR 205 (a).

CPLR 205 (a) provides in relevant part that where a timely action is dismissed on grounds other than voluntary discontinuance, lack of personal jurisdiction, neglect to prosecute, or a final judgment on the merits, the plaintiff may commence a new action upon the same transaction or occurrence within six months of the termination, provided that the new action would have been timely at the time the original action was commenced (see, CPLR 205 [a]). Contrary to the plaintiffs' contention, the order dated January 14, 1991, dismissing the plaintiffs' first action after the plaintiffs' protracted and repeated delays, was for "neglect to prosecute" within the meaning of CPLR 205 (a) (see, Ivory v Ekstrom, 98 AD2d 763, 764). Thus, the plaintiffs were not entitled to a six-month extension of time after that order to commence a new action (see, Tewari v Tsoutsouras, 75 NY2d 1, 10, supra; Kelly v Rosenthal, 176 AD2d 283). We also find that the plaintiffs are not entitled to a six-month extension of time from the order dated December 6, 1990, which dismissed the second action on CPLR 3211 (a) (4) grounds, because that dismissal was not the type contemplated by CPLR 205 (a) (see, George v Mt. Sinai Hosp., 47 NY2d 170, 178-179). Bracken, J. P., Lawrence, Copertino and Florio, JJ., concur.