■ FLORENCE CIAFONE, Appellant, v NEW YORK UNIVERSITY MEDICAL CENTER, Respondent, et al., Defendants. (Action No. 1.) FLORENCE CIAFONE, Appellant, v NEW YORK UNIVERSITY MEDICAL CENTER et al., Respondents. (Action No. 2.) [828 NYS2d 149]—

In related actions to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from (1) so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated January 27, 2005, as granted that branch of the motion of the defendant New York University Medical Center which was to dismiss the complaint in action No. 1 insofar as asserted against it based on the doctrine of law of the case, and (2) a judgment of the same court entered May 9, 2005, which, upon so much of the order dated January 27, 2005 as granted the motion of the defendants Elmhurst Hospital Medical Center, the City of New York, and the New York City Health and Hospital Corporation, and that branch of the separate motions of the defendant New York University Medical Center and the defendant Rapid Medical, P.C., which were to dismiss the complaint in ac-

tion No. 2 insofar as asserted against them as time-barred, is in favor of the defendants and against her dismissing the complaint in action No. 2.

Ordered that the plaintiff's notice of appeal from so much of the order dated January 27, 2005, as granted the motions to dismiss in action No. 2, is deemed to be a premature notice of appeal from the judgment dated May 9, 2005 (see CPLR 5520 [c]); and it is further,

Ordered that the order dated January 27, 2005 is reversed insofar as appealed from, on the law and as a matter of discretion, and that branch of the motion of the defendant New York University Medical Center which was to dismiss the complaint in action No. 1 insofar as asserted against it based on the law of the case is denied; and it is further,

Ordered that the judgment entered May 9, 2005 is reversed on the law, the motion of the defendants Elmhurst Hospital Medical Center, the City of New York, and New York City Health and Hospital Corporation, and that branch of the separate motions of the defendant New York University Medical Center and the defendant Rapid Medical, P.C., which were to dismiss the complaint in action No. 2 insofar as asserted against them as time-barred are denied, the complaint in action No. 2 is reinstated, the order dated January 27, 2005 is modified accordingly, and the matter is remitted to the Supreme Court, Queens County, for further proceedings, including consolidation of the actions; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendants appearing separately and filing separate briefs.

In January 2001 the plaintiff commenced an action under index No. 1653/01 (hereinafter action No. 1) against the defendants New York University Medical Center (hereinafter NYU), Rapid Medical, P.C. (hereinafter Rapid), Elmhurst Hospital Medical Center, the City of New York, and the New York City Health and Hospital Corporation (hereinafter collectively NYCHHC) seeking damages for medical malpractice. In April and June of 2003 Rapid and NYCHHC separately moved to dismiss the complaint in action No. 1 insofar as asserted against them on the ground that the plaintiff failed to file a notice of medical malpractice action pursuant to CPLR 3406 (a) and 22 NYCRR 202.56 (a) (1). In opposition, the plaintiff argued that dismissal was not warranted for noncompliance with these notice provisions, and cross-moved for leave to file a late notice. By order dated October 2, 2003, the Supreme Court granted the motions of Rapid and NYCHHC, denied the plaintiff's cross mo-

tion, and dismissed action No. 1 insofar as asserted against Rapid and NYCHHC. On March 9, 2004 judgment was entered dismissing the complaint insofar as asserted against Rapid and NYCHHC, and severing action No. 1 as to NYU.

On or about February 13, 2004, within six months of the dismissal of action No. 1, the plaintiff commenced an action under index No. 6830/04 (hereinafter action No. 2) against the same defendants seeking damages for the same claims as in action No. 1. NYU, Rapid, and NYCHHC separately moved to dismiss the complaint in action No. 2 insofar as asserted against them on the ground that the action was time-barred (*see* CPLR 214-a; General Municipal Law § 50-i). In opposition, the plaintiff asserted that action No. 2 was timely commenced within six months of the dismissal of action No. 1 pursuant to CPLR 205 (a).

NYU also moved to dismiss the complaint in action No. 1 insofar as asserted against it based, inter alia, upon the doctrine of law of the case. NYU further contended that it served a timely answer in action No. 1, and, in any event, that the plaintiff's time to seek a default judgment against it had expired (*see* CPLR 3215 [c]).

In an order dated January 27, 2005 the Supreme Court granted NYU's motion to dismiss the complaint in action No. 1 pursuant to the doctrine of law of the case. The court also granted the motions of the defendants to dismiss the complaint in action No. 2 as time-barred. The court held that the six-month extension to recommence an action afforded by CPLR 205 (a) was unavailable since the dismissal of action No. 1 was tantamount to a dismissal for neglect to prosecute. The court entered judgment on May 9, 2005 in favor of all the defendants dismissing action No. 2.

Initially, we do not reach the issues raised by the plaintiff regarding the dismissal of action No. 1 against Rapid and NYCHHC, as the plaintiff never filed a notice of appeal from the October 2, 2003, order granting those defendants' motions to dismiss or from the judgment entered March 9, 2004 on that order (*see* CPLR 5501 [c]; *Hecht v City of New York*, 60 NY2d 57, 63 [1983]; *Damiani v Federated Dept. Stores, Inc.*, 23 AD3d 329, 332 [2005]).

However, with respect to NYU, the issue is properly before this Court. This Court is not bound by the prior determination of the Supreme Court resulting in the judgment entered March 9, 2004 pursuant to the doctrine of law of the case (*see People v Evans*, 94 NY2d 499, 502-504 [2000]). The Court of Appeals has held that there is no authority for the imposition of the sanc-

tion of dismissal for a plaintiff's failure to file a notice of medical malpractice action pursuant to CPLR 3406 (a) or 22 NYCRR 202.56, except in the limited instance of the plaintiff's willful and deliberate disregard of either a court directive to file the notice or a condition imposed upon the granting of a motion to file late notice (*see Tewari v Tsoutsouras*, 75 NY2d 1, 7, 10-11 [1989]; 22 NYCRR 202.56 [a] [3]; [b] [2]). There was no such court directive or condition imposed in action No. 1. The outright dismissal of action No. 1 against NYU based upon the failure to file a notice of medical malpractice action was improper.

Further, we conclude that action No. 2 was timely commenced pursuant to CPLR 205 (a). Under CPLR 205 (a), "[i]f an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period." Willfully disregarding the directive of the court regarding the requisite notice of medical malpractice action can constitute a neglect to prosecute (*see Williams v Jian Chu Yu*, 207 AD2d 442, 443 [1994]; *Richardson v Ahmed*, 175 AD2d 431, 431-432 [1991]). In the instant case, the plaintiff did not disregard any court directive and did not engage in "protracted and repeated delays" (*Williams v Jian Chu Yu, supra* at 444).

The Court of Appeals noted in *Tewari v Tsoutsouras* (*supra* at 11) that a defendant who does not seek to compel the filing of the notice may ultimately seek dismissal of the action pursuant to CPLR 3216 for the plaintiff's failure to prosecute. However, mere delay alone does not constitute neglect to prosecute without an appropriate motion by the defendants pursuant to CPLR 3216 (b) (*see Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]). No such motion was made.

Under these circumstances, the dismissal of action No. 1 insofar as asserted against the defendants Rapid and NYCHHC was not based upon a failure to prosecute, and thus, action No. 2 was timely commenced pursuant to CPLR 205 (a).

Since there are now two actions pending against NYU, we find the actions should be consolidated (*see* CPLR 602). Accordingly, we remit the matter to the Supreme Court, Queens

County, for further proceedings, including consolidation of the actions. Miller, J.P., Goldstein, Spolzino and Dillon, JJ., concur.