In an action to foreclose a mortgage, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated September 16, 2011, which denied their motion for summary judgment on the complaint and dismissing the counterclaim.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs’ motion for summary judgment on the complaint and dismissing the counterclaim is granted.
“[I]n an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default” (Argent Mtge. Co., LLC v Mentesana, 79 AD3d 1079, 1080 [2010] [internal quotation marks omitted]; see U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez, 49 AD3d 711 [2008]). Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on their complaint by submitting the subject commercial mortgage and the underlying unpaid note executed by the mortgagor, the defendant Garcia Group Enterprises, Inc., also known as Garcia Group Enterprises (hereinafter Garcia Group), a personal guaranty by the Garcia Group’s president, the defendant Roger Garcia, and evidence that Garcia Group and Garcia (hereinafter together the respondents) were in default {id.). Once the plaintiffs made their prima facie showing, the burden shifted to the respondents to demonstrate “the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff” (Mahopac Natl. Bank v Baisley, 244 AD2d 466, 467 [1997]; see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 183 [1982]; U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez, 49 AD3d at 711). “As a general proposition, unconscionability . . . requires some showing of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party” (Matter of State of New York v Avco Fin. Serv. of N.Y., 50 NY2d 383, 389 [1980] [internal quotation marks and citations omitted]; see generally Matter of Friedman, 64 AD2d 70, 84 [1978]).
Here, viewing the respondents’ submissions in opposition to *794 the plaintiffs’ summary judgment motion in the light most favorable to them (see Mahopac Natl. Bank v Baisley, 244 AD2d at 467), they failed to raise a triable issue of fact. The conclusory and unsubstantiated assertions in the affidavit of the defendant Roger Garcia, submitted in opposition to the motion, failed to raise a triable issue of fact as to whether the terms of the mortgage, note, and guaranty were unconscionable, or as to whether the plaintiffs acted unconscionably in the transaction (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Argent Mtge. Co., LLC v Mentesana, 79 AD3d at 1081; Quest Commercial, LLC v Rovner, 35 AD3d 576, 577 [2006]; FGH Contr. Co. v Weiss, 185 AD2d 969, 971 [1992]).
Moreover, the plaintiffs established their prima facie entitlement to judgment as a matter of law dismissing the counterclaim, which the respondents validly waived under the terms of the mortgage (see Quest Commercial, LLC v Rovner, 35 AD3d at 577), and the respondents failed to raise a triable issue of fact in opposition.
The respondents’ remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the plaintiffs’ motion for summary judgment on the complaint and dismissing the counterclaim. Angiolillo, J.P., Eng, Lott and Austin, JJ., concur.