Sperry Assoc. Fed. Credit Union v John (2023 NY Slip Op 03880)

Sperry Assoc. Fed. Credit Union v John

2023 NY Slip Op 03880

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2020-05326
 (Index No. 600894/19)

[*1]Sperry Associates Federal Credit Union, appellant,
v
Kunjamma C. John, etc., respondent.

Scott A. Rosenberg, P.C., Garden City Park, NY, for appellant.
Hogan & Cassell, LLP, Jericho, NY (Michael D. Cassell of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of a home equity line of credit agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), dated June 3, 2020. The order, insofar as appealed from, granted that branch of the defendant's motion which was for leave to reargue her prior motion pursuant to CPLR 3211(a) to dismiss the complaint as time-barred, which had been denied in a prior order of the same court dated October 3, 2019, and, upon reargument, in effect, vacated the order dated October 3, 2019, and thereupon, granted her prior motion pursuant to CPLR 3211(a) to dismiss the complaint as time-barred.
ORDERED that the order dated June 3, 2020, is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for leave to reargue is denied, and the order dated October 3, 2019, is reinstated.
In February 2008, the defendant obtained a home equity line of credit in the amount of $500,000 from the plaintiff (hereinafter the February note). The debt was secured by a mortgage on property owned by the defendant in Jackson Heights.
In March 2008, the defendant obtained another home equity line of credit in the amount of $450,000 from the plaintiff (hereinafter the March note). The debt was secured by a mortgage on property owned by the defendant located in Roslyn.
In January 2012, the plaintiff commenced an action (hereinafter the 2012 action) by filing a complaint alleging, inter alia, that the defendant defaulted on the February note in April 2011 by failing to make the required monthly payment. The complaint in the 2012 action was dismissed for lack of personal jurisdiction.
In February 2013, the plaintiff commenced an action against the defendant to recover the indebtedness due under the March note (hereinafter the 2013 action). The complaint alleged, inter alia, that the defendant defaulted on the March note in April 2011 by failing to make the required monthly payment. In an order dated June 23, 2016, the Supreme Court directed dismissal of the complaint in the 2013 action for lack of personal jurisdiction. The plaintiff appealed from the June 23, 2016 order. This Court, in a decision and order dated April 25, 2018, affirmed the June 23, [*2]2016 order directing dismissal of the complaint in the 2013 action.
In April 2017, during the pendency of the appeal relating to the 2013 action, the plaintiff commenced another action against the defendant to recover the indebtedness due under the March note (hereinafter the 2017 action). In an order dated September 27, 2017, the Supreme Court directed dismissal of the complaint in the 2017 action pursuant to CPLR 3211(a)(4), "[b]ased upon the fact that the complaint filed in [the 2013 action] names the same parties and alleges the same causes of action as reflected in the complaint filed in [the 2017 action]," and that "the 2013 [action] is on appeal."
Thereafter, in January 2019, the plaintiff commenced the instant action against the defendant to recover the indebtedness due under the March note. The defendant moved pursuant to CPLR 3211(a) to dismiss the instant action as time-barred, arguing, inter alia, that the debt due under the March note was accelerated, and that the six-year statute of limitations period began to run on the March note in January 2012 when the plaintiff commenced the 2012 action. In opposition, the plaintiff argued, among other things, that the complaint in the 2012 action accelerated the debt due under the February note, not the debt due under the March note. The plaintiff also argued that, even if the defendant could establish that the complaint in the 2012 action accelerated the debt due under the March note, this action was nevertheless timely commenced pursuant to CPLR 205(a). In an order dated October 3, 2019, the Supreme Court denied the defendant's motion.
The defendant then moved, inter alia, for leave to reargue her motion pursuant to CPLR 3211(a) to dismiss this action as time-barred. In an order dated June 3, 2020, the Supreme Court granted that branch of the motion which was for leave to reargue, and, upon reargument, in effect, vacated the order dated October 3, 2019, and thereupon, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint as time-barred. The court stated that "the 2012 [a]ction was predicated upon the March [n]ote, not the February [n]ote, and, further, because the March [n]ote was accelerated by virtue of the commencement of the 2012 [a]ction, the instant action, based on the same March [n]ote, is time-barred having been commenced more than six years after the 2012 [a]ction." The court did not address the CPLR 205(a) argument advanced by the plaintiff in opposition to the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint as time-barred. The plaintiff appeals.
"A party may move for judgment dismissing one or more causes of action asserted against him [or her] on the ground that . . . the cause of action may not be maintained because of [a] statute of limitations" (id. § 3211[a][5]). As relevant here, "an action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein" "must be commenced within six years" (id. § 213[4]). With respect to a note payable in installments, there are separate causes of action for each installment accrued, and the statute of limitations begins to run on the date each installment becomes due and is defaulted upon, unless the debt is accelerated (see Morrison v Zaglool, 88 AD3d 856, 859; Sce v Ach, 56 AD3d 457, 458). However, "even if a [note] is payable in installments, once [the note] debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see Lavin v Elmakiss, 302 AD2d 638, 639).
"To dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired" (U.S. Bank N.A. v Gordon, 158 AD3d 832, 834-835 [internal quotation marks omitted]; see Stewart v GDC Tower at Greystone, 138 AD3d 729, 729). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (U.S. Bank N.A. v Gordon, 158 AD3d at 835 [internal quotation marks omitted]; see Stewart v GDC Tower at Greystone, 138 AD3d at 730).
Here, even assuming that the defendant established that the filing of the complaint [*3]in the 2012 action validly accelerated the debt under the March note, the plaintiff demonstrated that, pursuant to CPLR 205-a, it was entitled to commence this action within six months after the termination of the 2017 action. As part of the recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821 [eff Dec. 30, 2022]), a new section, CPLR 205-a, which governs the termination of certain actions, including an action upon a bond or note, the payment of which is secured by a mortgage on real property related to real property, was enacted. As relevant here, under both CPLR 205(a) and CPLR 205-a, where an action is timely commenced and is terminated for any reason other than those specified in the statutes, the plaintiff may commence a new action upon the same transaction or occurrence within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period (see U.S. Bank N.A. v. DLJ Mtge. Capital, Inc., 33 NY3d 72, 78; U.S. Bank N.A v Coleman, 215 AD3d 780, 782).
CPLR 205-a(a) provides that if an action "is timely commenced and is terminated in any manner other than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for any form of neglect, including, but not limited to those specified in [CPLR 3126(3), CPLR 3215, CPLR 3216, and CPLR 3404], for violation of any court rules or individual part rules, for failure to comply with any court scheduling orders, or by default due to nonappearance for conference or at a calendar call, or by failure to timely submit any order or judgment, or upon a final judgment upon the merits, the original plaintiff . . . may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period."
Here, the requirements of CPLR 205-a have been satisfied. It is uncontested that the instant action, commenced within six months of termination of the 2017 action (see Malay v City of Syracuse, 25 NY3d 323, 329), would have been timely commenced in 2017, and that the instant action is based on the same occurrence as the 2017 action, namely, the default on the payment obligations under the March note (see CPLR 205-a). Further, it is undisputed that the prior action was not terminated for any reason enumerated in CPLR 205-a.
In her motion pursuant to CPLR 3211(a) to dismiss the complaint as time-barred, which was made before CPLR 205-a was enacted, the defendant contended that the six-month extension of time pursuant to CPLR 205(a) is not available to a plaintiff where the prior action was dismissed pursuant to CPLR 3211(a)(4). In support of her contention, the defendant cited to this Court's decision in Williams v Jian Chu Yu (207 AD2d 442). In Williams, the plaintiffs had originally commenced a medical malpractice action against the defendants in Nassau County (see id. at 443). That action (hereinafter the first Nassau County action) ultimately was dismissed due to the plaintiff's "protracted and repeated delays" in applying to file a late notice of medical malpractice action and following court directives (id. at 444). However, prior to the issuance of the order directing dismissal of the complaint in the first Nassau County action, the plaintiffs had commenced a second action in Nassau County based on the same allegations (hereinafter the second Nassau County action). By order dated December 9, 1990, the Supreme Court directed dismissal of the complaint in the second Nassau County action pursuant to CPLR 3211(a)(4) because the first Nassau County action was then pending (see Williams v Jian Chu Yu, 207 AD2d at 443). Thereafter, on February 11, 1991, the plaintiffs commenced a third action, in Queens County, after the statute of limitations had expired on the cause of action, but within six months of the dismissals of both prior actions (see id.). The Supreme Court, Queens County, directed dismissal of the complaint in the third action as time-barred (see id.). The plaintiffs appealed, arguing that they were entitled to a six-month extension under CPLR 205(a) (see Williams v Jian Chu Yu, 207 AD2d at 443-444). This Court stated that the complaint in the first Nassau County action had been dismissed "after the plaintiffs' protracted and repeated delays" and so the dismissal was, in effect, for "neglect to prosecute" (id. at 444 [internal quotation marks omitted]). Accordingly, this Court held that the plaintiffs were not entitled to a six-month extension of time after the dismissal of the complaint in [*4]the first Nassau County action, and that "the plaintiffs [were] not entitled to a six-month extension of time from the order dated December 6, 1990, which dismissed the second Nassau County action on CPLR 3211(a)(4) grounds, because that dismissal was not the type contemplated by CPLR 205(a)" (id.).
Thus, in Williams, the plaintiffs had commenced the second Nassau County action in an attempt to circumvent an order of dismissal issued by the Supreme Court in the first Nassau County action effectively based upon the plaintiff's neglect to prosecute. This Court's holding in Williams, that the plaintiffs were not entitled to the six-month extension of time afforded by CPLR 205(a), is limited to the unique factual and procedural circumstances presented in that case. Williams does not stand for the general proposition that a party whose case is dismissed under CPLR 3211(a)(4) does not get the benefit of a six-month extension pursuant to CPLR 205(a), or under the newly enacted CPLR 205-a. Such an interpretation would be contrary to the plain language of CPLR 205(a) and CPLR 205-a, which each clearly set forth the circumstances in which the statutes do not apply, and a dismissal pursuant to CPLR 3211(a)(4) is not one of the enumerated circumstances. Indeed, we note that since we decided Williams in 1994, the case has never been cited for the proposition that CPLR 205(a) does not apply where a prior action has been dismissed pursuant to CPLR 3211(a)(4).
Accordingly, even assuming that the complaint in the 2012 action validly accelerated the debt due under the March note, the instant action was timely commenced pursuant to CPLR 205-a, and the Supreme Court should have denied that branch of the defendant's motion which was for leave to reargue her prior motion pursuant to CPLR 3211(a) to dismiss the complaint as time-barred.
In light of the foregoing, we need not reach the parties' remaining contentions.
IANNACCI, J.P., CHAMBERS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court