MTGLQ Invs., L.P. v Harris (2024 NY Slip Op 51371(U))

[*1]

MTGLQ Invs., L.P. v Harris

2024 NY Slip Op 51371(U)

Decided on October 4, 2024

Supreme Court, Suffolk County

Hackeling, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 4, 2024
Supreme Court, Suffolk County

MTGLQ Investors, L.P., Plaintiff,

against
Rancine R. Harris a/k/a Rancine Harris; the Unknown Heirs-at-Law, Next-of-Kin, Distributees, Executors, Administrators, Trustees, Devisees, Legatees, Assignees, Lienors, Creditors, and Successors in Interest, and Generally All Persons Having or Claiming, Under, by or Through the Decedent Rose Brown A/k/a Rose Lucas by Purchase, Inheritance, Lien or Otherwise, Any Right Title Mortgage or Interest in and to the Premises Described in the Complaint Herein; Valita Brown; Raymond Brown; Desire Harris; New York State Department of Taxation and Finance; United States of America (Eastern District); Town of Babylon-town Supervisor; Clerk of the Suffolk County District Court; People of the State of New York; Suffolk County Department of Social Services; Clerk of the Suffolk County Traffic and Parking Violations; "John Doe 
 #1" Through "John Doe #10" inclusive the names of the ten last name, Defendants being fictitious, real names unknown to the Plaintiff, the parties intended being persons or corporations having an interest in, or tenants or persons in possession of, portions of the mortgaged premises, Defendants.

Index No. 619051/2019

KNUCKLES & MANFRO LLP
Attorney for MTGLQ Investors, LP
120 White Plains Road, Suite 215
Tarrytown, New York 10591
JOHN J. CARACCIOLO, ESQ.
Attorney for Rancine R. Harris
One Hewitt Square, Suite 190
East Northport, New York 11731
HONORALBE LEITIA JAMES
Office of the New York State Attorney General 
28 Liberty Street New York, New York 10005
 
C. Stephen Hackeling, J.

Upon defendant Rancine R. Harris a/k/a Rancine Harris's (hereafter "Harris) motion to dismiss the complaint [NYSCEF Doc. Nos. 67-83]; and opposition filed by MTGLQ Investors, L.P. (the "Bank") to defendant's motion [NYSCEF Doc. Nos. 84-93] and the Bank having cross moved for an order granting it summary judgment, striking Harris's answer, and appointing a Referee [NYSCEF Doc. Nos. 94-123]; and upon Harris's opposition to the Bank's motion for summary judgment and Reply to the Bank's opposition to her motion to dismiss [NYSCEF Doc. Nos. 124-125]; and the Court having Ordered plaintiff to serve a "Notice of Constitutional Challenge" upon the New York State Attorney General's Office [NYSEF Doc. No. 126]; and Plaintiff having timely filed same on September 3, 2024 [NYSCEF Doc. No. 127], it is
ORDERED, that Harris's motion to dismiss the Bank's complaint (mot. seq. no. 002) is denied; and it is further
ORDERED, that the Bank's cross-motion (mot. seq. 003) seeking summary judgment is partially granted as set forth below.
Undisputed Facts
On July 12, 2006, Harris delivered to the Bank's predecessor, Option One Mortgage Co. a note whereby Harris acknowledged to be indebted to the Bank's predecessor for $279,000 plus interest to be paid according to the note's terms. As security for payment under the note, Harris and co-mortgagor Rose Brown (deceased) executed and delivered a mortgage to Option One evidencing a lien on the property located at 22 Williamsburg Avenue, Amityville, New York (the "Property"). Option One assigned its interest in the mortgage to HSBC Bank, USA, National Association as Trustee for SG Mortgage Securities Trust 2006-OPT2 Asset Backed Certificates, Series 2006-OPT2 who commenced a foreclosure action (Index No. 007761/2007) on March 2, 2007, against Harris, and others (the "First Action"). The First Action was dismissed pursuant to an Order (J. Pastoressa, J.S.C.) dated September 8, 2009, for failure to obtain personal jurisdiction.
The Bank commenced a second action to foreclose its mortgage on the Property by filing a complaint on August 5, 2014 (Index No. 066239/2014) against Harris, and others (the "Second Action"). The Second Action was dismissed pursuant to an Order (R. Hinrich, J.S.C.) dated September 21, 2017, for failure to comply with RPAPL § 1304.
The Bank commenced the present action by filing a complaint on September 26, 2019, against Harris and the unknown heirs of co-mortgagor Rose Brown.
Harris moves for an Order (i) pursuant to CPLR § 205-A, § 213 and § 3211 and/or § 3212, dismissing the action with prejudice; (ii) pursuant to RPAPL § 1301 and CPLR § 3211 and/or § 3212 dismissing the action; (iii) pursuant to RPAPL § 1304 and CPLR § 3211 and/or § 3212 dismissing the action; and (iv) pursuant to RPAPL §1301 and CPLR §3216, dismissing the First Action.

Statute of Limitations
The initial premise for dismissal is Harris's contention that the subject foreclosure action is time-barred. The statute of limitations for a mortgage foreclosure action is six years. Sperry Associates Federal Credit Union v. John, 218 AD3d 707 (2d Dept. 2023). Harris contends that the First Action, commenced on March 2, 2007, that contained a mortgage acceleration allegation in the complaint started the statute of limitations running. Harris argues that the statute of limitations therefore expired six years later on March 3, 2013. Harris asserts that the [*2]Foreclosure Abuse Prevention Act of 2022 (hereafter "FAPA") that amended CPLR §§ 205(a) and 213(4) bar the Bank from asserting it is given a six-month safe harbor refiling period after dismissal of the Second Action, or to assert a unilateral deacceleration to reset the statute of limitations.
The Court need not analyze the constitutional intricacies of FAPA's retroactive applicability of these amendments as Harris waived the right to assert a CPLR § 213 statute of limitations affirmative defense when she executed her mortgage. Indeed, Clause No. 25 of the mortgage contains an express waiver which states, "[t]he pleading of a statute of limitations as a defense ... is hereby waived." Such a waiver is enforceable in New York. See KeyBank National Association v. Chapman Steamer Collective, LLC, 117 AD3d 991 (2d Dept. 2014) citing to Baron Associates, LLC. v. Garcia Group Enterprises, Inc., 96 AD3d 793 (2d Dept. 2012); Quest Commercial, LLC. v. Rovner, 35 AD3d 576 (2d Dept. 2006).
An agreement that clearly provides that defendants agree to pay their indebtedness without "set-off or counterclaim or any defenses" will bar any claims that arise from the agreement. Federal Land Bank v. Saunders, 108 AD2d 838 (2d Dept. 1985); see also New York State Urban Dev. Corp. v. Garvey Brownstone Houses, 98 AD2d 767 (2d Dept. 1983). As the mortgage in this case clearly provides that the statute of limitations defense is waived, Harris's CPLR §§ 205(a) and 213 arguments are unfounded.

RPAPL § 1304 (2)
Harris next argues that she did not receive "a proper" RPAPL § 1304 notice. Implicit in this assertion is acknowledgment that she did receive a § 1304 statutory notice but the inclusion of a separate notice referring to nine other states' foreclosure assistance providers renders the notice "confusing." The Court of Appeals has opined that information in excess of the stated form does not violate § 1304. See Bank of America, N.A. v. Kessler, 39 NY3d 317 (2023). To the naked eye it appears that the Bank utilized the statutory form that was in effect in 2019 when the letter was mailed (See NYSCEF Doc. No. 77) and that the notice was printed in 14-point type. Harris makes only a self-serving declaration of improper font size without the benefit of providing the Court with a copy of the actual notice she received and an expert's opinion to corroborate same. The 14-point font issue is also not asserted in her amended answer [NYSCEF Doc. No. 57].[FN1]
Accordingly, the § 1304 affirmative defense is also determined to be un-sustained and does not raise a triable issue of fact in opposition to the Bank's entitlement to summary judgment on this issue. See Deutsche Bank National Trust Company v Mangi, 222 AD3d 942 (2d Dept. 2023).

RPAPL §§ 1301(2) and (3)
Alternatively, Harris asserts that the Bank's complaint is defective and should be dismissed as it does not comport with the requirements of RPAPL §§ 1301 (2) and (3). Section 1301(2) provides that "[t]he complaint shall state whether any other action has been brought to recover any part of the mortgage debt " Section 1301(3) was amended in FAPA and provides as follows:
"3. While the action is pending no other action shall be commenced or maintained to [*3]recover any part of the mortgage debt, including an action to foreclose the mortgage, without leave of the court in which the former action was brought. The procurement of such leave shall be a condition precedent to the commencement of such other action and the failure to procure such leave shall be a defense to such other action This subdivision shall not be treated as a stay or statutory prohibition for purposes of calculating the time within which an action shall be commenced pursuant to sections two hundred and four and two hundred and thirteen of the civil practice laws and rules." (emphasis added.)
The Court summarily dismisses Harris's § 1301(2) argument as it was not expressly asserted as an independent affirmative defense in her amended answer. Even if it was, the Court would allow the Bank to amend its complaint to include reference to the prior actions as Harris suffered no prejudice by said omission. See Pagano v. Smith, 201 AD2d 632 (2d Dept. 1994). Also rejected as frivolous is Harris's assertion that the First Action was never dismissed necessitating a dismissal of this action. Both the First Action and the Second Action were dismissed pursuant to prior court orders [NYSCEF Doc. No. 92].

Constitutionality
Harris's § 1301(3) argument is more problematic as it implicates state and federal constitutional requirements. It also was not asserted in the amended answer for the simple reason that § 1301(3) did not exist when Harris's answer was filed on March 12, 2023. FAPA § 10 expressly directs the retroactive application of its six statutory amendments — including § 1301(3). This Court has previously opined on the evolution of precedent as to the constitutionality of retroactive application of statutory amendments which effect due process "vested rights." See Wilmington Trust NA v. Gawlowski, 81 Misc 3d 683 (Sp. Ct. Suf. Co. 2023). The present state of the law in New York is that the legislature may retroactively impair a vested right provided it has a "legitimate legislative purpose furthered by a rational means" for doing so. Bank of America v. Jones, 82 Misc 3d 1216(A) (Sp. Ct. Suf. Co. 2024) citing to Regina Metro Co. v. NYS Div. of Housing Com. Renewal, 35 NY3d 332 (2020); Amer. Eco. Ins. Co. v. State of New York, 30 NY3d 136 (2017). The Court incorporates by reference the case rationale and authorities cited therein.
The paradox placed before the Court is how to assess the "rationality" of the legislature's retroactive requirement to obtain "leave of the Court" as a condition precedent to commencing this action. It is undisputed that the Bank's 2019 complaint does not comport with FAPA's 2022 RPAPL § 1301(3) condition precedent as it predates FAPA by over three years. Absent the invention of a "time machine," the procurement of prior Court permission is a factual impossibility. The Bank was not required in 2019 to first obtain permission before commencing this case. It is inherently irrational to retroactively require the performance of an impossible act. The inquiry as to whether a statute can be applied retroactively demands a common sense, functional judgment about whether the new provision attaches new legal consequences to events completed before its enactment. US Bank Trust Nat. Assoc. v. Joerger, 83 Misc 3d 605 (Sp. Ct. Suf. Co. 2024) citing to Landgraf v. USI Film Products, 511 U.S. 244 (1994).
Article 1, § 6 of the New York State Constitution as well as the 5th and 14th amendments of the United States Constitution require "due process" in the legislative and judicial conduct of [*4]affairs.[FN2]
The retroactive legislative abrogation of an existing vested right via the requirement of performing an impossible act violates the constitutional protections. As such, FAPA § 10 is constitutionally void and unenforceable in this case as it pertains to RPAPL § 1301(3). Accordingly, Harris's application to dismiss the Bank's complaint is denied.
Plaintiff's application for summary judgment is granted in part as to having established standing to sue and having complied with RPAPL §§ 1301 and 1304. (See J. Hinrich's Order of 9-21-2017 NYSCEF Doc. No. 92). All other issues raised in Harris's amended answer (including but not limited to proof of default and computational sums due the Bank) are preserved for trial which has been previously scheduled for December 3, 2024, at 10:00 am before the undersigned Court.
This constitutes an Order of this Court.
Dated: October 4, 2024
Hon. C. Stephen Hackeling, J.S.C.

Footnotes

Footnote 1:The Court notes that Harris does not raise the "authorized person" assertion in this application which was raised in her answer. Accordingly, this issue is waived. New York Commercial Bank v. J. Realty F Rockaway, Ltd., 108 AD3d 756, 757 (2d Dept. 2013).

Footnote 2:The Court also seriously questions whether § 1301(3) can prospectively pass constitutional muster. Obtaining "leave of the Court" to commence an action seeking relief from said Court is a legal notion that is alien to New York jurisprudence. Section 1301(3) implies that leave to sue can be either granted or denied. Absent statutory guidance as to the criteria to be considered to support a grant of relief, constitutionally required procedural "due process" is violated for the reason of "vagueness." See Kaur v. NYS Urban Dev. Co., 15 NY3d 235 (2010) for the proposition that civil statutes must not be vague.