Deutsche Bank Natl. Trust Co. v Feurtado (2025 NY Slip Op 04546)

Deutsche Bank Natl. Trust Co. v Feurtado

2025 NY Slip Op 04546

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-09659
 (Index No. 719810/19)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Michael Feurtado, etc., respondent, et al., defendants.

Hinshaw & Culbertson LLP, New York, NY (Ben Z. Raindorf and Karena J. Straub of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered September 7, 2023. The order granted the motion of the defendant Michael Feurtado, in effect, for leave to renew his prior motion, in effect, for summary judgment dismissing the complaint insofar as asserted against him as time-barred, which had been denied in an order of the same court dated March 29, 2023, and upon renewal, in effect, vacated the order dated March 29, 2023, and thereupon granted the prior motion.
ORDERED that the order entered September 7, 2023, is affirmed, without costs or disbursements.
On June 3, 2004, the defendant Michael Feurtado (hereinafter the defendant) executed a note in the amount of $335,000 in favor of New Century Mortgage Corporation (hereinafter New Century). The note was secured by a mortgage on certain real property located in Queens.
By summons and complaint dated January 7, 2010, New Century's successor in interest commenced an action to foreclose the mortgage against, among others, the defendant (hereinafter the first foreclosure action). In an order dated June 5, 2019, the Supreme Court, inter alia, granted the defendant's cross-motion, among other things, pursuant to CPLR 3215(c) to dismiss the complaint in that action as abandoned.
On November 22, 2019, the plaintiff commenced the instant action to foreclose the mortgage against, among others, the defendant. On November 3, 2020, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him as time-barred. In an order dated July 21, 2022, the Supreme Court granted the plaintiff's motion and denied the defendant's cross-motion.
On February 3, 2023, the defendant, relying on the newly enacted Foreclosure Abuse Prevention Act (FAPA) (L 2022, ch 821 [eff Dec. 20, 2022]), moved, in effect, for summary judgment dismissing the complaint insofar as asserted against him as time-barred. The plaintiff opposed the motion on the ground that FAPA should not be applied retroactively. In an order dated [*2]March 29, 2023, the Supreme Court denied the defendant's motion, holding that "FAPA is not applied retroactively."
On April 17, 2023, the defendant, again relying on FAPA, moved, in effect, for leave to renew his prior motion, in effect, for summary judgment dismissing the complaint insofar as asserted against him as time-barred. The plaintiff opposed the motion, arguing that the retroactive application of FAPA violated the Due Process and Takings Clauses of both the United States Constitution and the New York State Constitution.
In an order entered September 7, 2023, the Supreme Court granted leave to renew and, upon renewal, in effect, vacated the order dated March 29, 2023, and thereupon granted the defendant's prior motion, in effect, for summary judgment dismissing the complaint insofar as asserted against him as time-barred. The court held that the retroactive application of FAPA did not violate the Due Process or Takings Clauses of either the United States Constitution or the New York State Constitution. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Connor, 204 AD3d 861, 862-863). The entire mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance (see U.S. Bank N.A. v Connor, 204 AD3d at 863).
Here, the mortgage debt was first accelerated, and the statute of limitations began to run, when the first foreclosure action was commenced on January 7, 2010, and New Century's successor in interest elected in the complaint of that action to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Ford, 208 AD3d 1199, 1201). Thus, the statute of limitations expired on January 7, 2016. The instant foreclosure action was commenced on November 22, 2019, almost four years after the statute of limitations expired.
However, under CPLR 205(a), where an action is timely commenced and is terminated for any reason other than those specified in the statute, "the plaintiff . . . may commence a new action upon the same transaction or occurrence . . . within six months after the termination" (see U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 33 NY3d 72, 78).
Additionally, FAPA created a new statute, CPLR 205-a, which is specific to real property actions. FAPA "replaced the savings provision of CPLR 205(a) with CPLR 205-a" in foreclosure actions (Pryce v U.S. Bank, N.A., 226 AD3d 711, 713). "[U]nder both CPLR 205(a) and CPLR 205-a, where an action is timely commenced and is terminated for any reason other than those specified in the statutes, the plaintiff may commence a new action upon the same transaction or occurrence within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action and that service upon the original defendant is completed within such six-month period" (Sperry Assoc. Fed. Credit Union v John, 218 AD3d 707, 710).
CPLR 205-a provides that a plaintiff may not take advantage of the six-month savings provision if the prior action was dismissed pursuant to CPLR 3215 (see id. § 205-a[a]). Here, the first foreclosure action was dismissed pursuant to CPLR 3215(c). Thus, the Supreme Court properly determined that the plaintiff was not entitled to take advantage of the six-month savings provision. Contrary to the plaintiff's contention, the court also properly determined that the retroactive application of FAPA did not violate the Due Process or Takings Clauses of either the United States Constitution or the New York State Constitution (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065, 1069-1071; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1039-1042).
Accordingly, the Supreme Court properly granted the defendant's motion, in effect, for leave to renew his prior motion, in effect, for summary judgment dismissing the complaint [*3]insofar as asserted against him as time-barred and, upon renewal, properly, in effect, vacated the order dated March 29, 2023, and thereupon granted the prior motion.
MILLER, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court